## THE RAHWAY SAVINGS INSTITUTION v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY.

1. An act giving authority for the construction of works to supply the city of Rahway with water was by its terms to take effect immediately, but it was also enacted that its provisions should remain inoperative until assented to by a majority of the voters of the city at an election held therein. A supplement to that act repealed the clause requiring the previous assent of voters and revived and continued the original act. *Held,* The object of the latter act was sufficiently expressed by its title—"A supplement to," &c.—to satisfy the constitutional requirement.

2. The act gave authority to certain commissioners to issue bonds of the city for certain purposes. *Held,* That the commissioners were thus made agents of the city to issue such bonds, and an averment in a declaration upon such bonds, that they were issued by the city, was proper.

3. The act provided that the bonds were to be denominated on their face "Rahway City Water Bonds." *Held,* That as such denomination was not made essential to the validity of the bonds, it was not necessary to aver in a declaration upon such bonds, that they were so denominated; but, if necessary, an averment that the bonds were writings denominated "Rahway City Water Bonds," is sufficient.

4. Nor was it necessary to aver in such a declaration that certain duties, which the acts required to be done by city officials after the issue of the bonds, had been performed, for the non-performance of such duties could not affect the validity of the city's obligations previously issued.

On demurrer to the declaration.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justice MAGIE.

For the city, *Garret Berry.*

For the savings institution, *B. A. Vail.*

The opinion of the court was delivered by

MAGIE, J. The special count in the declaration, to which the demurrer was confined, by agreement of counsel at the argument, is based on certain bonds of the city of Rahway,

bearing date July 1st, 1871.   It avers that the city, by each
of those bonds, promised to pay to plaintiff or its assigns, on
July 1st, 1891, $1,000, with interest at the rate of seven per
cent. per annum, payable half-yearly, on January 1st and July
1st of each year ; that the bonds were part of an issue author-
ized by an act of the legislature approved April 7th, 1868,
and a supplement thereto approved April 6th, 1871 ; and that
the city has not paid the interest on the bonds according to
their terms, whereby an action has accrued, &c.

In response to a demand from plaintiff, the counsel of de-
fendant served specifications of the causes on which it was
intended to rely in support of the demurrer, and our con-
sideration must be confined to those causes.   *Rev. Sup.*, *p.*
809, § 6.

The first five causes assigned may be considered together.
The contention under them is, that the acts set out in the count
did not confer authority upon defendant to issue the bonds in
question.

The first of these acts is entitled "An act to authorize the
construction of works for supplying the city of Rahway and
places adjacent with pure and wholesome water," and was
approved April 7th, 1868.   *Pamph L.*, *p.* 805.   The second
of these acts is entitled a "supplement" to the first act, and
was approved April 6th, 1871.   *Pamph L.*, *p.* 1485.

The scheme of the first act was to enable "The Mayor and
Common Council of the City of Rahway" (that being the
corporate name of the city) to convey into and through the
city and other places adjacent the waters of the Rahway river
or its branches, and to furnish a supply of water for domestic
and other uses.   The authority conferred by the act for that
purpose was to be exercised exclusively by a board of com-
missioners.   The board of commissioners was, by section 11,
given authority to issue, in the name of The Mayor and Com-
mon Council of the City of Rahway, bonds, to be denominated
on their face "Rahway City Water Bonds," and to be signed
by a majority of the board and countersigned by the mayor
of the city.   The same section contains provisions as to the

time of payment, rate of interest and mode of disposing of the bonds so authorized.

By section 28 of the first act it was enacted that "this act shall take effect immediately, but its provisions shall remain inoperative until assented to by a majority of the electors voting at an election to be held in said city" * * *

As the declaration does not aver that an election was held at which the provisions of the first act were assented to in the manner prescribed in that section, it is obvious that authority to do anything under that act is not thus shown.

But by section 1 of the supplement the whole of section 28 of the original act following the word "immediately" was expressly repealed, and by section 5 of the same supplement it was enacted "that the act to which this is a supplement is hereby revived and continued in force except so far as altered by this act."

By these provisions, the language of which was not happily chosen, it is, I think, made clear that the legislative intent was to absolutely annul the restraint on the operations of the original act which was contained in the clause requiring the previous assent of a majority of the electors, and to re-enact and continue all the other provisions of that act, which thus became operative without any such condition.

There was then no constitutional prohibition against reviving a previous legislative act in this manner such as was inserted among the amendments of the constitution, and is now contained in *article* IV., *section* 7, *paragraph* 4.

If the supplement is not otherwise objectionable, it is indisputable that the authority to issue bonds contained in the original act could be thereafter exercised without the assent of the voters.

But defendant's contention is, that the supplement has failed to effect the legislative purpose because obnoxious to another constitutional prohibition then in force and requiring the title of an act to express its object. The argument is, that the object of this act was to repeal and alter the original

act, and that such object was not expressed in the title "supplement."

The constitutional clause in question does not compel the means or method of attaining the legislative object to be set out in the title, but will be satisfied if the title fairly indicates the general object. *Bumsted* v. *Govern,* 18 *Vroom* 368 ; *S. C.,* 19 *Id.* 612. The ordinary meaning of the word "supplement" doubtless is "a supplying by addition of what is wanting." A glance at our legislation from the time of the adoption of the constitutional provision will show that the word has constantly been used in a sense so broad as to possibly justify a claim that it has acquired thereby a special meaning broader than the ordinary one. But for the purposes of this case it is sufficient to say, that the ordinary meaning of the word will, under our construction of this clause, cover every species of amendatory legislation which goes to complete the legislative scheme.

The supplement before us is of this character. The legislature, by the original act, might have required the scheme for a water supply to be put in operation without the assent of the voters. It had power to do the like at any time after the passage of the original act. Legislation removing the restraint on the operation of the act and making its provisions operative is additional legislation. Though it repealed the provision containing the restraint, its force was to put the act in operation, and the title "supplement" fairly gave notice of and properly characterized legislation which thus completed the legislative design. This conclusion accords with that arrived at when a similar objection was made to a "Supplement to the act concerning taxes," upon which this court held that such a title was sufficient to support parts of the act repealing prior inconsistent laws. *New Brunswick* v. *Williamson,* 15 *Vroom* 165 ; *S. C.,* 17 *Id.* 204.

The demurrer cannot be sustained on these grounds.

It is next contended, that the declaration avers that these bonds were issued by the water commissioners, and thus shows that they are not the bonds of the city.

As the declaration distinctly avers that the bonds were issued and delivered to plaintiff by the city, I think it apparent that the objection so made is intended to be aimed at the provisions of the act which, by section 11, does give the commissioners authority to issue the bonds authorized by the act. But I can discover nothing objectionable in such legislation. The act empowers the commissioners to act as the agent of the city in issuing such bonds. It is no more objectionable to vest such authority in them than it would be to authorize a school board, a common council or other city department to thus act. And an allegation that bonds issued by such an agent were issued by the city legally expresses the fact.

It is further objected, that the declaration is deficient in not averring that the bonds were denominated *on their face* "Rahway City Water Bonds." As we have seen, the act authorizes the issue of bonds to be so denominated.

When an act required bonds of a public corporation to be registered in the county clerk's office, and such registration to be certified thereon, and declared that no bond should be valid unless registered, it was held that an averment of such registration was essential in a declaration on a bond. *Morrison* v. *Bernards*, 7 *Vroom* 219. But an omission to aver that the registration had been certified on such a bond was held not to be objectionable, because the act did not declare the bonds to be invalid if not so certified. *Cotton* v. *New Providence*, 18 *Vroom* 401.

But this act has not made the provision respecting the name of the bonds authorized to be issued essential to the validity of such bonds. There is no enactment that the bonds shall be invalid for the want of compliance with this provision. The obligations were complete in themselves without the required name, and so it was not necessary to aver that this provision had been complied with. Had I reached a different conclusion, I should further conclude that the declaration is not obnoxious to the objection. When it avers that there were writings denominated "Rahway City Water Bonds," it declares that such is the denomination on the writings, and

this is sufficient to satisfy the requirements of the act in this respect.

It is further objected, that the declaration is insufficient for not averring that the commissioners had delivered to the treasurer of the city a record of the bonds issued, and that they had taken proper steps from year to year to require money to be raised for payment of the bonds, as required by the act. But these duties enjoined on the city officials could not precede but must follow the issue of bonds. Whether they were performed or not could have no effect on the obligations of the city. It was entirely unnecessary to aver their performance.

No one of the objections being found tenable, the plaintiff is entitled to judgment on the demurrer.