LOOMIS et al. v. RUNGE.

(Circuit Court of Appeals, Fifth Circuit.   January 15, 1895.)

No. 328.

1. STATUTES—SUPPLEMENTAL AND AMENDATORY ACTS—TEXAS CONSTITUTION.
    July 11, 1856, the legislature of Texas passed an act changing the time
    for holding court in C. county to the first Mondays in February and Au-
    gust, a term having previously been held in November.   On July 29th the
    legislature passed an act, entitled "An act supplemental to" the first act,
    providing that so much of the first act as required the court to be held in
    C. county on the first Monday of August should not take effect till the
    following year, that the fall term of the court in 1856 should be held on
    the first Monday of December, and that all process returnable to the term
    at any other time should be returnable on that day.   *Held*, that such act
    was fairly described as a supplemental act, and was not an amendatory
    act, within the provision of the constitution of Texas then in force (article
    7, § 25) forbidding the amendment of an act by reference to its title; and
    that such act extended the life of process, formerly returnable to the No-
    vember term, until the first Monday of December, 1856.
2. SAME—DESCRIPTION OF OBJECT OF ACT IN TITLE.
    *Held*, further, that the object of the act was sufficiently expressed in its
    title, within the provision of said constitution (article 7, § 24) that every
    law shall embrace but one object, and that shall be expressed in its title.

Appeal from the Circuit Court of the United States for the West-
ern District of Texas.

This was a suit by Julie Runge against John A. Loomis, the
Ostrander & Loomis Land & Live-Stock Company, and others to
quiet and remove clouds upon the title to certain land.   The cir-
cuit court rendered a decree for complainant.   Defendant Loomis
appeals.   Affirmed.

Franz Fiset and John C. Townes, for appellant.
T. N. Waul, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE,
District Judge.

BRUCE, District Judge.   The bill was brought in the court be-
low by Julie Runge, residing in the city of Hanover, in the empire
of Germany, and a subject of the empire of Germany, against John
A. Loomis and others named, all citizens of the state of Texas,
except the Ostrander & Loomis Land & Live-Stock Company, a cor-
poration under the laws of the state of New Jersey, having its
principal office and place of business in Concho county, Tex., of
which John A. Loomis is agent and manager.   Complainant says
in her bill:   That she is the widow of Henry Runge, deceased, who
died on or about the 17th day of March, 1875, and at the time of
his death had a large estate, consisting of lands and personal prop-
erty, in the state of Texas, all of which was community property
of their marriage, owned by decedent and complainant.   That
said Henry Runge died testate, and devised by his last will, which
was probated, his share in the community lands in the state of
Texas to the children born of their marriage, who are named in
the bill, and from whom it is charged complainant purchased, for

a full price, each of their respective shares in said lands, and in the conveyance of the same by deed the daughters were joined by their respective husbands, who are named; and that the conveyances have been filed for registration in the proper counties where portions of the land lie. That from the year 1846 to the year 1850, and previous to said years, said Henry Runge, deceased, was conducting a mercantile establishment in the county of Calhoun, in the state of Texas. That the German Emigration Company, at that time introducing colonists into the state of Texas, contracted with him to a very large amount for provisions and supplies for said colonists, and also for advances of money to said emigration company, to be used for the transportation of colonists and other necessities of the company. That, the German Emigration Company failing to pay as agreed, Henry Runge instituted suit against the company and its several members, and thereupon on or about the 24th of September, 1850, obtained judgment for the sum of $6,950.28, with interest at the rate of 8 per cent. per annum from the date of judgment until paid, together with costs of suit. That execution was afterwards issued upon this judgment, levied upon the lands in question, which were sold under the execution November 4, 1856, and deed made by the sheriff to Henry Runge November 5, 1856. Conspiracy and fraud is charged against the defendants. They are charged with trespassing upon the lands, and that they are liable for rent and occupation of same. The prayer is to quiet and remove clouds upon her title to the lands in question, to relieve her from a multiplicity of threatened suits, that she may be decreed to have a full and perfect title to the lands sued for, and for general relief. The answers of such of the defendants as do make answer to the bill and amended bills make general denials; deny the existence of a valid judgment of Henry Runge v. German Emigration Company, through which plaintiff claims to derive title; deny all charges of fraud and conspiracy; and set up a purchase in good faith from widow of M. A. Dooley of the lands in controversy, founded upon a deed of one H. Wilkie to Dooley, dated October 15, 1851, conveying 100 premium certificates, for 320 acres of land each, for the consideration of $1,600. The assignments of error reduce the matter which is contained in a voluminous record to a somewhat narrow compass. The appeal is by the defendant John A. Loomis alone; and the errors complained of in the court below are the admission in evidence of the pluries execution issued by the clerk of the district court of Calhoun county, Tex., in the case of Henry Runge v. German Emigration Company, on April 8, 1856, with the return of the sheriff in the writ, and the admission in evidence of the deed from the sheriff to Henry Runge for the lands in controversy, and to the construction and effect to be given to an act of the legislature of the state of Texas of July 29, 1856, purporting to be an act supplemental to an act to change the terms of holding courts in the Tenth and Fourteenth judicial districts.

The question is the validity of the sheriff's sale made under execution issued upon judgment of Henry Runge v. German Emi-

gration Company, of date September 24, 1850.    It is said the judgment does not support the execution, because there is a variance between it and the judgment as to the persons named comprising the firm of the German Emigration Company.    This objection, and others of the same order, suggested rather than insisted on in argument for appellant, whatever of force they might have had in a direct proceeding, are not good, coming, as they do here, in a collateral suit.    The judgment here was against the German Emigration Company, and it was the property of the company that was sold, not that of individual members of the company.    The cases cited in appellant's brief and argument do not sustain the contention.    The next point, and perhaps the one most insisted upon by appellant, is that the sale to Runge under execution was made after the return day of the execution, and after it had expired, and the sale was therefore void.    It was issued April 8, 1856, and the return day named therein is the second Monday after the first Monday in September, 1856, that being the first day of the next succeeding term of the court, as the law then was; so that, as claimed, it was functus officio before the date of the sale under it, in November, 1856.

The appellee insists that the return day of the execution in question was not as stated in it, for that, after it was issued, and in July, 1856, the legislature of the state of Texas passed an act which extended the return day of this execution to the first Monday in December, 1856, a date subsequent to the sheriff's sale. There were two acts of the legislature of Texas passed in July of this year touching the subject,—the first one, "An act to change the time of holding the district courts in the Tenth and Fourteenth judicial districts," passed July 11, 1856, and "An act supplemental to an act entitled 'An act to change the time of holding court in the Tenth and Fourteenth judicial districts,'" passed July 29, 1856.    The first act changed the time for holding the court in Calhoun county to the first Mondays in February and August, and the latter act, called a "supplemental act," provided that "so much of the above entitled act as requires the district court to be held in the county of Calhoun on the first Monday of August and in the county of Victoria on the second Monday after the first Monday of August shall not take effect until the first of January, 1857, and that the fall term of said court, 1856, shall be held in Victoria county on the second Monday of November and may continue in session two weeks and the fall term, 1856, of said court for the county of Calhoun shall be held on the first Monday of December, 1856, * * * and that all process returned to these courts at any other time shall be returnable at the time fixed by this act."    The intention and purpose of this latter act is clear, and, if a valid act, extends the life of the execution until after the day of sale.    But the appellant's proposition is that this act is void, and can have no such effect; that, while it is called a "supplemental act," it is in reality an amendatory act, and is in violation of the constitution of the state of Texas in force at the time, which provided (section 25, art. 7):    "No law shall be revised or amended by

reference to its title but in such case the act revised or section amended shall be re-enacted and published at length." There may be some question as to whether an act of a legislative body is amendatory, or merely supplemental to a former act, in a given case. The word "supplemental" is defined: "That which supplies a deficiency or meets a want." Webst. Dict. Noting the dates of these respective acts of the legislature, it is seen that but a few days could elapse from the passage of the first act until the first Monday in August, when, under its provisions, the court should convene in Calhoun county, and that no provision was made in it for the return of process issuing before its enactment. It presented a case requiring remedy at the hands of the legislature. The legislature, deeming the act defective for these or other reasons, might properly seek to supplement it by providing a term of the court later in the year for Calhoun county, and providing that all process returnable to these courts at any other term shall be returnable at the time fixed by this act. This was a clear case of defective legislation, and, if in some sense amendatory, we do not deem it obnoxious to the constitutional provision, as claimed by the appellant. Nor do we think the cases cited, most of which are from states other than Texas, support appellant's contention. It is insisted, also, that this act is invalid because its object is not expressed in its title, as required by section 24, art. 7, of the constitution, which provides that: "Every law enacted by the legislature shall embrace but one object and that shall be expressed in the title." It is claimed that these sections of the constitution are mandatory, and fatal to the act of July 24, 1856. In Gunter v. Mortgage Co., 82 Tex. 502, 17 S. W. 840, the court, while holding the constitutional provision mandatory, says: "While this is so, such provisions have been liberally construed, and it has been steadily held that a title which is in substance a compliance with the requirement of the constitution is sufficient." In State v. McCracken, 42 Tex. 386, the court, speaking of the provision last quoted, supra, says: "In holding this provision to be mandatory, it has been well said that it would be appropriate to give it a vigorous and technical construction." Johnson v. Martin, 75 Tex. 33, 12 S. W. 321, holds "that the provision that a bill shall not contain more than one subject, which shall be clearly expressed in its title, requires the general or ultimate object to be stated in the bill, and not the details by which the object is to be attained." The title of the act which is supplementary or amendatory, if you will, to the former act, refers distinctly to the title of the former act. We do not think this objection is well taken; that these objections are more specious than sound; and that the act of July 29, 1856, preserved the life of the execution to the first Monday of December, 1856, while the sale was made in November previous; and that complainant is entitled to recover upon the strength of her own title.

In the view taken of the case, we need not consider the evidence relied on by the complainant to sustain the charges of conspiracy and fraud on the part of the defendants, nor the evidence of defend-

ants in the attempt to prove good faith in the purchase under the Dooley title; but we think it proper to say that equity of the case, as shown in the evidence, is for the complainant, in whose favor we have found the legal title. The decree of the court below is affirmed.