THE HON. CHARLES H. COOPER,
THE HON. WILLIAM L. HOLLOWAY,  } Associate Justices.
THE HON. ALBERT J. GALEN,
THE HON. GEORGE W. FARR,

---

STATE, RESPONDENT, v. BOWKER, APPELLANT.

(No. 4,974.)

(Submitted March 13, 1922. Decided March 27, 1922.)

[205 Pac. 961.]

*Intoxicating Liquors—Nuisances—Jurisdiction—Statutes and Statutory Construction—Supplemental Acts—Repeal by Implication—Presumptions.*

Intoxicating Liquors—Nuisances—Jurisdiction in District Court.
   1. In a prosecution for maintaining a common nuisance under section 19, Chapter 9, Extraordinary Session of 1921, made supplemental to and a part of the laws relating to intoxicating liquors, *held* that the district court had original jurisdiction, under section 37 of the Enforcement Act (Chap. 143, Laws 1917), conferring upon the district court original jurisdiction for violations of liquor laws and continued in force by Chapter 9, notwithstanding the offense is made

---

1. Effect of disobedience of rule excluding witness from courtroom during trial, see note in 9 **Ann. Cas.** 368.

a misdemeancr by section 19 thereof, punishable by a fine not exceeding $500 and imprisoment in the county jail for not exceeding six months, and therefore otherwise triable in a justice court under section 11630, Revised Codes of 1921.

Statutory Construction—Legislative Intent.

2. Where the legislative intent is plain that two or more statutes, penal in character, on the same subject, shall be construed together, their construction in conformity with such intent does not militate against the rule that penal statutes must be strictly construed.

Same—Uncertainty.

3. Every presumption is in favor of legislative Acts, and courts must so construe them as to make them operative and not hold them void for uncertainty unless it is impossible to ascertain the legislative intent or purpose.

Same—Statutes *in Pari Materia* Construed as One Law.

4. In the construction of a statute, or in the interpretation of any of its provisions, all Acts relating to the same subject or having the same general purpose must be read in connection with it, as together constituting one law.

Same—"Supplemental" Act—Definition.

5. A supplemental Act is one designed to improve an existing statute by adding something thereto without changing the original text, and includes every species of amendatory legislation which goes to complete a legislative scheme.

Same—Statutes—Testing Validity—Rule.

6. In testing the validity of a statute subject to two constructions, one of which will uphold its validity while the other will condemn it, the former will be adopted if it can be done without violence to the fair meaning of the words employed, every reasonable doubt favoring its validity being indulged.

Same—Legislative Intent—How Arrived at.

7. In construing a statute courts must ascertain and carry into effect the intention of the legislature, if possible, such intention to be gathered from the terms of the Act, considered in the light of the surrounding circumstances, its words being given such a meaning as will best accord with the subject of the enactment.

Statutes—Repeal by Implication—Presumptions.

8. Repeals by implication are not favored, and the presumption will not be indulged that by a subsequent enactment the legislature intended to repeal former laws upon the subject not mentioned therein, especially where the existing law is directly referred to in the title and repealing clause, thus showing that it was under consideration when it was enacted.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

D. W. BOWKER was convicted of maintaining a common nuisance, where intoxicating liquors were sold, and appeals. Affirmed.

*Messrs. O'Leary & Doyle,* for Appellant, submitted a brief; *Mr. W. F. O'Leary* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, submitted a brief; *Mr. Foot* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that upon leave granted an information was filed by the county attorney in the district court of Cascade county, charging the defendant with maintaining a common nuisance, in that he did, on or about the twenty-ninth day of September, 1921, and for a long time prior thereto, willfully, unlawfully, knowingly and wrongfully, conduct and maintain a place where intoxicating liquors were sold. The defendant interposed a plea of not guilty, and was thereafter tried by a jury, found guilty, and sentenced by the court to thirty days' imprisonment in the county jail, and to pay a fine of $100. The appeal is from the judgment.

But one error is assigned, raising the single question pre- [1] sented and argued, namely: In view of the present status of legislation covering the subject of prohibition, did the district court have jurisdiction of the offense charged? The information is based on the provisions of section 19 of Chapter 9 of the Extraordinary Session of the legislature of 1921, which reads in part as follows: "Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this Act, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than $100, nor more than $500, and be imprisoned not less than thirty days nor more than six (6) months.''

It is argued that the district court is not possessed of original jurisdiction of the offense charged, as it is by statute made a misdemeanor punishable by a fine of not exceeding $500, and by imprisonment in the county jail not exceeding

six months. In support of this contention, our attention is directed to the general law prescribing the criminal jurisdiction of justice and district courts. (Secs. 11630 and 11631, Rev. Codes 1921.) However, section 37 of Chapter 143 of the Laws of 1917 (sec. 11122, Rev. Codes 1921), if still in force and effect, especially confers jurisdiction in such cases upon the district court. It provides: "The district court shall have original jurisdiction in all criminal actions for violations of the provisions of this Act, and in all civil actions for the recovery or enforcement of fines, penalties and forfeitures provided for in this Act, and all such actions, both criminal and civil, shall be instituted, prosecuted and tried in the district court."

In view of the enactment of Chapter 9 of the Extraordinary Session of 1921, question arises as to whether section 37 of the Act of 1917 is continued and in force and is to be applied and construed in conjunction with the Act of 1921. Section 35 of the Act of 1917 is expressly repealed. It reads as follows: "Whenever the words 'this Act' appear in any of the laws of this state enacted for the suppression of the liquor traffic, commonly called Prohibition Laws, it shall be construed to mean and include all such prohibition laws of this state." And section 37 of the Act of 1917, above set forth, is not mentioned in the later statute. In the general repealing clause of the Act of 1921 (sec. 39), the following language was employed by the legislature: "All Acts and parts of Acts in conflict herewith, are hereby repealed; provided, however, except as herein otherwise specified, this Act shall be construed as supplemental to and a part of all laws of this state relating to intoxicating liquors."

While the rule is recognized that penal statutes must be [2, 3] strictly construed (*State* v. *Cudahy Packing Co.*, 33 Mont. 179, 114 Am. St. Rep. 804, 8 Ann. Cas. 717, 82 Pac. 833; *State* v. *Aetna Banking & Trust Co.*, 34 Mont. 379, 87 Pac. 268), yet where the legislative intent is plain, there is no departure from the rule in consequence of the consideration

and application of the provisions of more than the one exist-
ing enactment on the same subject. It is our duty to recon-
cile the statutes, and make them operative in accordance with
the legislative intent, if at all possible. (*State ex rel. Evans*
v. *Stewart,* 53 Mont. 18, 161 Pac. 309.) Every presumption
is in favor of the validity of legislative Acts, and the obliga-
tion rests on the court to so construe them as to make them
operative (*Thomas* v. *Smith,* 1 Mont. 21); and an Act will
not be held void for uncertainty, unless it is impossible to
ascertain the legislative intent or purpose (*State* v. *Livingston
Concrete Build. & Mfg. Co.,* 34 Mont. 570, 9 Ann. Cas. 204, 87
Pac. 980). "One of the recognized rules of construction of
statutes is that we are to look to the state of the law when
the statute was enacted in order to see for what it was in-
tended as a substitute. No single statute should be inter-
preted wholly by its own words. Upon enactment it becomes
a part of, and is to be read in connection with, the whole
body of the law. Its interpretation is to be in the light of
the general policy of previous legislation and of the long-
established principles of law and equity. Every statute which
is properly the subject of judicial construction should receive
such a construction as will not conflict with general principles
and will make it harmonize with the pre-existing body of
law." (25 R. C. L. 1052.)

In the construction of a particular statute, or in the inter-
[4, 5] pretation of any of its provisions, all Acts relating to
the same subject, or having the same general purpose, should
be read in connection with it, as together constituting one
law. (36 Cyc. 1147, 1148.) In the absence of constitutional
limitation, a statute may be amended merely by striking out
portions of it and inserting new matter, or adding new pro-
visions. In the case of *First State Bank* v. *Bottineau County
Bank,* 56 Mont. 363, 8 A. L. R. 631, 185 Pac. 162, this court
speaking through Mr. Justice Holloway, said: "A supple-
mental Act is one designed to improve an existing statute,
by adding something thereto without changing the original

text. (*McCleary* v. *Babcock,* 169 Ind. 228, 82 N. E. 453; *Loomis* v. *Runge,* 66 Fed. 856, 14 C. C. A. 148.) Supplemental statutes include every species of amendatory legislation which goes to complete a legislative scheme. (*Rahway Sav. Inst.* v. *Rahway,* 53 N. J. L. 48, 20 Atl. 756.)"

Acts *in pari materia* are always to be construed together. (*State* v. *State Board of Equalization,* 56 Mont. 413, 185 Pac. 708.) It is a universally recognized rule of construction in testing the validity of a statute subject to two constructions, one of which will uphold its validity, while the other will condemn it, that the former will be adopted if it can be done without violence to the fair meaning of the words employed. (*State* v. *Kahn,* 56 Mont. 108, 182 Pac. 107.) Every reasonable doubt favors the validity of the statute. (*State* v. *State Board of Equalization, supra.*) In construing a statute, the court must ascertain and carry into effect the intention of the legislature, if possible; such intention to be gathered from the terms of the statute, considered in the light of surrounding circumstances. (*State ex rel. Evans* v. *Stewart, supra.*) Words of a statutory enactment must be so interpreted as to give them a meaning that will best accord with the subject of the enactment. (*In re Wisner,* 36 Mont. 298, 92 Pac. 958.) The law imposes a duty upon the judicial department to pursue the legislative intent so far as possible. (*Lerch* v. *Missoula Brick & Tile Co.,* 45 Mont. 314, Ann. Cas. 1914A, 346, 123 Pac. 25; *Power* v. *Board of Co. Commrs. of Choteau Co.,* 7 Mont. 82, 14 Pac. 658.) The words of the statute are to be given their usual construction and are presumed to be used in their ordinary sense. (*State ex rel. Gillett* v. *Cronin,* 41 Mont. 293, 109 Pac. 144; *State ex rel. Anaconda Copper M. Co.* v. *District Court,* 26 Mont. 396, 68 Pac. 570, 69 Pac. 103.)

Repeals by implication are not favored, and it will not be presumed that by a subsequent enactment the legislature intended to repeal former laws upon the subject not mentioned (*Jobb* v. *Meagher County,* 20 Mont. 424, 51 Pac. 1034), and

more especially so in the case before us where the existing law appears to have been under consideration to the extent of direct reference thereto, both in the title and in the repealing clause. Even though it be possible to give the construction of Chapters 143 and 9 contended for by the defendant, this court is not justified in so doing, as it would thereby defeat the manifest object for the enactment of Chapter 9. (*Wilkinson* v. *La Combe,* 59 Mont. 518, 197 Pac. 836.) As indicating the intention to clothe the district court with exclusive jurisdiction in the enforcement of prohibition laws, it is to be noticed that as to property, jurisdiction is also especially conferred on it, in an action *in rem,* by sections 7 and 8 of Chapter 143 of the Laws of 1917, and this court has upheld the jurisdiction so granted. (*State ex rel. Prato* v. *District Court,* 55 Mont. 560, 179 Pac. 497; *State* v. *Kelly,* 57 Mont. 123, 187 Pac. 637.)

It is confessed that the object of the repeal of section 35 of the Laws of 1917 is not clear, but since both Acts are properly construed and applied together, it becomes unimportant. It is evident from the title and repealing clause of the Act of 1921 that the legislature had in mind the provisions of the Act of 1917, repealed the sections found objectionable, and intended the sections not specifically repealed to be continued in force as a part and portion of the prohibition statutes of this state. This seems plain, for it is expressly declared in the Act (section 39), that it "shall be construed as supplemental to and a part of the laws of this state relating to intoxicating liquors."

Webster defines the word "supplement" as "that which completes, or makes an addition to, something already organized, arranged, or set apart; specifically, a part added to, or issued as a continuation of, a book or paper, to make good its deficiencies or correct its errors"; and the word "supplemental" as "serving to supply what is lacking." (Webster's New International Dictionary, p. 2083.) The word "supplemental" as here used means an addition to the legislative

enactments already existing. (See *First State Bank* v. *Bottineau County Bank, supra; Rahway Savings Inst.* v. *City of Rahway,* 53 N. J. L. 48, 20 Atl. 756; *State* v. *Wyandot County,* 16 Ohio C. C. 218; *Loomis* v. *Runge,* 66 Fed. 856, 14 C. C. A. 148.)

The legislative intent appears to have been to make the provisions of the Act of 1921 *supplemental* to the unrepealed provisions of the Act of 1917, and, this being true, clearly jurisdiction in this case is vested in the district court exclusively. By section 24 of the Act of 1921 any judge having cognizance of criminal offenses is authorized to issue a search-warrant upon proper showing made, but this must be considered with respect to other provisions of the law which confers jurisdiction as to the subject alone upon the district courts. The language employed—"any judge having cognizance of criminal offenses"—necessarily means so far as prohibition enactments are concerned, having jurisdiction of the particular offenses as prescribed by law. We do not commend the Act of 1921 as a model piece of legislation, but as the intent is apparent it must be upheld and applied.

The defendant's contention is without merit, and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.

HONORABLE H. H. EWING, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, considering himself disqualified, takes no part in this decision.