STATE ex rel. McHALE, Relator, *v.* AYERS, Governor, Respondent; FRISBEE, Intervener.

(No. 8,146.)

(Submitted August 15, 1940.   Decided September 15, 1940.)

[105 Pac. (2d) 686.]

(1)

Cause submitted on briefs of counsel.

*Mr. Louis P. Donovan,* for Relator.

*Mr. H. C. Hall,* for Intervener Selden S. Frisbee.

*Mr. Lew L. Callaway* and *Mr. Frank E. Blair, Amici Curiae.*

HONORABLE BENJAMIN E. BERG, District Judge, sitting in place of MR. CHIEF JUSTICE JOHNSON, disqualified, delivered the opinion of the court.

This is an original proceeding to restrain the Governor from issuing a certificate of nomination to Selden S. Frisbee, as a candidate for District Judge of the Ninth Judicial District of the State of Montana, and from including in his proclamation of candidates duly nominated the name of Selden S. Frisbee as a candidate for said judicial office. The proceeding is brought on the relation of a taxpayer and elector of Toole county and

shows that R. M. Hattersley, of Conrad, Montana, was the only candidate upon the judicial primary ticket for said office, and the only person who had filed a petition for nomination as prescribed by section 812.3, Revised Codes of 1935, and paid the fees required by law, and was the only name printed upon the judicial primary ballot at the primary election, but that the name of Selden S. Frisbee was written in upon the primary ballot by some 201 electors as a candidate for the office, and these electors attempted to vote for Mr. Frisbee in this manner.

The petition also shows that the canvassing officers canvassed the vote attempted to be cast for Selden S. Frisbee and reported same, and that Mr. Frisbee has filed his written declaration indicating his acceptance of the alleged nomination, and that, unless restrained by this court, the Governor will grant a certificate of nomination to said Selden S. Frisbee, proclaim his nomination and cause his name to be printed on the official ballot at the general election.

The relator claims that the votes attempted to be cast for Mr. Frisbee are illegal and invalid for the reason that Mr. Frisbee had not filed any petition for nomination as required by section 812.3, supra, and was not legally a candidate for nomination, and his name was not printed upon the judicial primary ballot or entitled to be printed thereon, and that the ballots attempted to be cast for him should not have been canvassed or certified or counted, and that he is not entitled to a certificate of nomination.

The respondent interposed a motion to quash the temporary injunction issued on the petition, and dismiss the proceeding. Selden S. Frisbee was permitted to intervene.

The Non-Partisan Judiciary Act, Chapter 74, Revised Codes of 1935, embraces sections 812.1 to 812.15, both inclusive. Section 812.1 provides that candidates for judicial office ''shall be nominated and elected in accordance with the provisions of this Act and in no other manner.'' The relator contends that by this language electors in the nomination of judicial candidates are restricted to the privilege of voting only for the

4

candidate or candidates whose name or names appear on the primary judicial ballot.

We think it was not the intention of the legislature to so restrict the electors. The Act is silent as to, but does not prohibit, the right of an elector to write on the ballot the name of and to vote for a qualified person for nomination or election for judicial office, as electors may do as to other candidates under the general primary and election laws. Relator contends that, since the Act is silent upon the question, it was the intention of the legislature that the provisions of the general primary law relating to write-in candidates should be excluded from the Act; but we think reading the Act as a whole refutes such construction. Section 812.2 provides: "Candidates for any office within the provisions of this Act, to be filled at any election * * * in the state of Montana, shall be nominated in the *manner herein provided at the regular primary nominating election provided by law for the nomination of other candidates* for other offices to be filled at such election, and all laws relating to such primaries shall continue to be in force and to be applicable to the said offices in so far as may be consistent with the provisions of this Act." Section 812.6 provides: "The county clerk of each county shall arrange, prepare and distribute official primary ballots * * * which shall be known and designated and entitled 'Judicial Primary Ballots,' which shall be arranged as are other *primary ballots.*" (See, also, sec. 812.15.)

Section 640, Revised Codes of 1935, relating to general primary elections, recognizes the right of electors to write on their ballot the name of and to vote for a person of their choice for any office, as does section 651, which provides for the arrangement and printing of primary ballots; and section 640, supra, permits anyone so nominated to file his written acceptance of such nomination with, and to pay the required fee to, the proper officer within ten days after such primary election. Section 812.9 provides: "The candidates for nomination at any primary election for any office within the provisions of this Act * * *

who shall have received at any such prin.ary election the *highest number of votes cast* for nomination to the office for which they are candidates * * * shall be the nominees for such office; and their names, and none other, except as hereinafter provided, shall be printed as candidates for such respective offices upon the official ballots which are provided according to law for use at such succeeding primary or general election; provided that no candidate shall be entitled to have his name placed on the judicial ballot at the general election, in any form, unless he shall have been a *successful* candidate at the primary election.''

The Non-Partisan Judiciary Act and the election laws for primary and general elections are *in pari materia* and must be construed together with reference to the whole subject matter and made to harmonize, if this can be consistently done. It is a general rule of law that all Acts relating to the same subject, or having the same general purpose as the statute being construed, should be read in connection with such statute. (*State* v. *Bowker*, 63 Mont. 1, 205 Pac. 961; *State ex rel. Special Road District* v. *Millis*, 81 Mont. 86, 261 Pac. 885; *State* v. *State Board of Equalization*, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697.)

It is the judgment of the court that the provisions of sections 812.2, 812.6, and the general provisions of section 812.15, clearly incorporate by general reference those provisions of the general primary law relating to the right of electors to write in and vote for qualified persons for nomination to the judicial offices, and, therefore, eliminate any inconsistency between the Non-Partisan Judiciary Act and the General Primary Law, so far as the question under consideration is concerned. The purpose of the Non-Partisan Judiciary Act is to eliminate, so far as possible, the selection of judges from partisan politics, and we think the phrase ''shall be nominated and elected in accordance with the provisions of this Act and in no other manner,'' appearing in section 812.1, was intended merely to exclude the selection of judges on a party ticket.

Since this is the construction we are convinced should be applied in the instant case, we deem it unnecessary to discuss the constitutional questions raised in counsel's briefs.

It is our further opinion that in reading the Act as a whole,  the word "candidate" should not receive any different construction in the Non-Partisan Judiciary Act than in the General Primary Law.

It is ordered that the temporary injunction heretofore issued be dissolved and the proceedings dismissed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.