STATE, RESPONDENT, *v.* HOLT ET AL., APPELLANTS.
No. 8753.
Submitted January 26, 1948. Decided May 17, 1948.
194 Pac. (2d) 651.

462

Mr. Stanley M. Doyle, of Polson, for appellants. Mr. Doyle argued the cause orally.

Mr. John D. French, County Atty., of Polson, Mr. R. V. Bottomly, Atty. Gen., and Mr. Clarence Hanley, Mr. Alfred F. Dougherty, and Mr. M. Baxter Larson, Asst. Attys. Gen., for respondent. Mr. Dougherty and Mr. Larson argued the cause orally.

MR. JUSTICE GIBSON delivered the opinion of the court.

Appellants are charged with "the crime of selling or supplying liquor to a minor." Only one crime is charged, but by separate informations filed on different dates. The charge against Holt is that the crime was committed on the 22nd day of June, 1946, at the county of Lake in that Holt "did * * * supply or sell intoxicating liquor, to-wit, one pint of whiskey, to one James White, a minor; that the said liquor was delivered to said James White in the tavern at Ravalli, Montana, operated by the defendant Frank Holt by his bartender Elija Hall."

The information against the appellant Hall charges the same offense in the same language, except that it is alleged that "the said liquor was delivered to the said James White by the defendant in the tavern at Ravalli, Montana, operated by

one Frank Holt." Each appellant pleaded not guilty to the charge and by consent, the two cases were consolidated for trial. The trial resulted in verdicts of guilty against both defendants, leaving the punishment to be fixed by the court. The judgment and sentence of the court was "that each defendant pay a fine of $400 in the manner provided by law and that in addition thereto each be imprisoned in the county jail of said Lake county for a period of six months."

A motion in arrest of judgment was made and denied. Motion for a new trial was made and denied, and appeal of the defendants is from the judgments of conviction entered against them.

The evidence at the trial was conflicting upon the charge against the bartender Hall. There was no evidence that the appellant Holt personally sold the liquor to White, or that he was present in the place when and where it is alleged to have been sold by Hall, or that Holt knew of such sale. The evidence is undisputed that when Hall was employed by Holt, he was directed and warned by his employer not to sell any intoxicating liquor to any minor or Indian. The tavern in which the sale is alleged to have been made was conducted by the appellant Holt and his wife and operated by them in connection with a lunch room, grocery store and gasoline station.

The appellants specify error in each of the cases, in refusing to grant their motions in arrest of judgment, in refusing to grant a new trial, in giving instructions 7A and 9½, and as to appellant Holt because of fatal variance between the crime charged and the proof offered; and in pronouncing sentence on Holt because there was no evidence supporting the accusation against him.

The state says that as the record shows no objections were made by the appellants to the giving of the instructions, any error therein is not available to appellants because of the provisions of section 11969, Revised Codes of Montana 1935, that, "no cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out

and excepted to at the settlement of the instructions herein specified, and such error and exception incorporated in and settled in the bill of exceptions." This contention is sustained. No objections were made to the instructions and therefore any error therein is not available to the appellants on this appeal.

But there is structural deficiency and defeat in the very foundation of the case that makes it impossible, under any construction of law, to sustain the convictions that are here before us for review. First, it appears that the appellants were sentenced for violation of a statute that had been repealed long prior to the time of the offense charged against them. Secondly, even had this repealed statute been in force and effect, the convictions could not be sustained, because upon the face of the record there appears the violation of a fundamental of criminal law and procedure, that a person may not be prosecuted for one crime and punished for another. Upon the assumption by the court that the repealed statute was in force, that is what was done in the cases at bar. And, thirdly, the record, and the state's admissions as well, disclose that the offense which the evidence tended to prove was not the offense charged against appellants.

To make manifest the situation it is necessary to review briefly the history of the legislation governing the traffic in intoxicating liquors, and to specifically consider the legislation prohibiting the sale of such liquors to persons under the age of twenty-one years.

From the time of the adoption of the Eighteenth Amendment to the Constitution of the United States, January 29, 1919, until its repeal by the Twenty-First Amendment, which became effective December 5, 1933, any and all traffic in intoxicating liquor for beverage purposes was unlawful in all the states of the Union, and the states and federal government had concurrent jurisdiction to enforce the prohibitions contained in the Eighteenth Amendment. Montana co-operated in the enforcement and had an elaborate and complete state prohibition act, and both the state and federal government prosecuted

violations of their respective statutes, the state prohibition law of Montana, and the National Prohibition Act, known as the Volstead Act, 27 U. S. C. A., sec. 1 et seq. But by an act initiated by the people in 1926, Montana by vote of the people in November of that year, repealed the state prohibition laws, comprised in 76 sections of Codes and session laws. Laws 1927, p. 603. This repeal, however, left as the only vestige of state prohibition, Chapter 39 of the Session Laws of 1923, which prohibited the sale of liquor to a minor and fixed the penalty at fine and imprisonment. This act was repealed by Chapter 122 of the Laws of 1927, which, in section 1 of the Chapter, prohibited the sale of intoxicating liquors to a "minor" and fixed the penalty for violation. This section 1 of Chapter 122 of the Laws of 1927, is the statute that now appears as section 11048.1 of the Revised Codes of 1935. But, as stated, it was repealed before authorization of the codification, and before the Codes of 1935 were adopted, and its appearance therein as section 11048.1 is unauthorized. It appears in the Codes because the legislature in enacting the State Liquor Control Act in 1933 did not expressly repeal section 1 of Chapter 122, Laws of 1927. Absorbed in consideration of a law to cover the entire subject of the traffic in intoxicating liquor to take effect when the anticipated early repeal of the Eighteenth Amendment to the United States Constitution should usher in what in some quarters was viewed as the "day of jubilee," and knowing that where a comprehensive plan of liquor control was framed into law, such enactment in itself, and without more, operates as a repeal of prior laws in conflict therewith, no express repeal was declared. This repeal of section 1, chapter 122, Laws of 1927, was by necessary and compelling implication instead of express declaration. The repeal was therefore overlooked by the Code commissioners and this section was given a Code section number and carried into the Codes as section 11048.1 as hereinabove observed. This intrusion of the repealed statute into the Code has resulted in

much confusion to the legislature, to law enforcement officials, and to the courts.

That is the statute under which appellants were sentenced. But it was repealed by the enactment of the State Liquor Control Act of Montana, Rev. Codes 1935, sec. 2815.60 et seq., which became law on December 5, 1933. There is no escape from this holding, as careful consideration of the matter demonstrates.

While the states were considering the Twenty-First Amendment to the Constitution of the United States, submitted to them by the Congress, for the repeal of the prohibition Amendment, the Montana legislature, the same year, 1933, enacted Chapter 105, Laws of the Twenty-Third Legislative Assembly. This act provides for a Montana Liquor Control Board, the issuance by the board of permits to purchase intoxicating liquor, and declares in section 99 of the act, that its purpose and intent "are to prohibit transactions in liquor which take place wholly within the state of Montana *except under state control* as specifically provided by this act." (Emphasis supplied.) It provides that "this act shall go into full force and effect at such time as the manufacture, importation and sale of distilled or vinous liquors, or either or any of them for beverage purposes, shall become lawful under the constitution and laws of the United States."

This act went into effect on December 5, 1933, when the Twenty-First Amendment became effective, and is known and cited as "State Liquor Control Act of Montana."

The act provided that all sales of liquor for beverage purposes should be made through state liquor stores established in each county seat, and at such other places as the state liquor control board might deem proper. It prohibited all sales of liquor except through such liquor stores and under control of the state liquor control board, created by the Act for its administration. The Act contained a section, 2815.115, Revised Codes 1935, reading as follows: "Except in the case of liquor given to a person under the age of twenty-one years by his

parent or guardian for beverage or medicinal purposes, or administered to him by his physician or dentist for medicinal purposes, or sold to him by a vendor or druggist upon the prescription of a physician, *no person* shall sell, give, or otherwise supply liquor to any person under the age of twenty-one years, or permit any person under that age to consume liquor." (Emphasis supplied.)

The violation of this section of the Act is made a misdemeanor and punishable as follows: "* * * not exceeding five hundred dollars ($500.00) fine, or six (6) months' imprisonment, either or both." Secs. 2815.130 and 2815.163, Rev. Codes of Montana 1935.

Chapter 122, Laws of 1927, was in force at the time the State Liquor Control Act was enacted. It provided that "Any person who shall sell * * * intoxicating liquors to a minor, shall be guilty of a misdemeanor, and for the first offense, be punishable by a fine of not less than Two Hundred and Fifty Dollars, nor more than Five Hundred Dollars and by imprisonment for not less than six months nor more than one year in the county jail, and for the second and subsequent offenses, he shall be guilty of a felony."

This enactment of the State Liquor Control Act prescribing a less and different penalty for the offense defined in said Chapter 122 repealed the last named statute by necessary implication. It is held that a statute providing for or defining an offense created by a previous Act and providing a materially different punishment repeals the former Act. Sutherland on Statutory Construction, 3d Ed., sec. 2031; State v. Brennan, 89 Mont. 479, 300 Pac. 273. And the repeal is effectuated whether the punishment is reduced or increased. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Norris v. Crocker, 13 How. 429, 14 L. Ed. 210; People v. Tisdale, 57 Cal. 104. Especially is the repeal of the prior inconsistent Act held to be the inevitable result where the later Act is a comprehensive Act "establishing elaborate inclusions and exclusions of persons, things and relationships

ordinarily associated with the subject.'' Sutherland on Statutory Construction, paragraph 2018. Such is the nature of the State Liquor Control Act.

The penalty provided for sale of liquor in violation of section 1 of Chapter 122, Laws of 1927, and the penalty provided for violation of section 2815.115, are different both in kind and amount and by reason of the utter inconsistency that cannot be reconciled, the later Act of necessity repealed the earlier one. While it is said repeals by implication are not favored and if possible conflicting provisions of statutes should be reconciled, where the inconsistency is such as plainly may not be reconciled, the courts do not hesitate to declare the earlier statute repealed by the later legislative expression. State v. Quinn, 40 Mont. 472, 107 Pac. 506; In re Clark's Estate, 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496; State ex rel. Wilson v. Weir, 106 Mont. 526, 79 Pac. (2d) 305; State ex rel. Jackson v. District Court, 107 Mont. 30, 79 Pac. (2d) 665.

Notwithstanding this repeal of section 1 of Chapter 122, the section was carried into the Codes of 1935 as section 11048.1, and the legislature, finding the section in the Code, in 1941, passed an Act purporting to amend the section (which then described the offense as selling or disposing of liquor to ''a minor'') by changing ''minor'' to ''Any Person Under the Age of Twenty-One Years.'' Laws 1941, c. 124. This was obviously because the attention of the legislature was directed to the fact that, while males under 21 years of age are minors, females attain their majority at the age of 18 years, as declared by section 5673, Revised Codes of Montana.

It might be suggested that by the adoption of the Codes as ''the laws of Montana now in force and effect,'' Chapter 1, Laws of 1937, section 1 of Chapter 122, Laws of 1927, appearing therein as section 11048.1, was re-enacted and became a law as part of the Code, despite its previous repeal in 1933. This is not tenable. This court held in State v. Zorn, 99 Mont. 63, 41 Pac. (2d) 513, 515, that where a section of the statute repealed by implication was, nevertheless carried forward into

the Codes of 1907, and of 1921, it did not thereby become a law, because so erroneously included in the Codes, because the Act, Laws 1919, c. 195, authorizing the codification of 1921 "was only authorized to carry into the Codes laws 'in force' at the time of codification." A similar authorization was that providing for the 1935 Codes. Chapt. 89, Laws of 1933.

The court in the Zorn case also said, quoting from Hillsborough County Com'rs v. Jackson, 58 Fla. 210, 50 So. 423, 138 Am. St. Rep. 110, 19 Ann. Cas. 148, " 'if repugnant provisions of prior statutes are compiled and adopted in the General Statutes, it must be presumed that the repugnancy was overlooked, and that it was the intention of the compilers and of the Legislature to bring forward the latest expression of the legislative will where irreconcilable inconsistency or repugnancy appears in different sections of the General Statutes, without reference to whether the latest statute appears first or last in the General Statutes'." To the same effect is cited Syndicate Printing Co. v. Cashman, 115 Minn. 466, 132 N. W. 915. The court in the Zorn case further said, "the manifest inadvertence of a clerical force cannot possibly have the effect of reviving a dead law."

And it might be urged that the purported amendment of the section in 1941 revived or revitalized the repealed statute. But this purported amendment was of no effect. The section to which the amendment applied had been repealed by the enactment of the State Liquor Control Act, taking effect December 5, 1933. It is provided by section 98, Revised Codes of 1935, that "An act amending a section of an act repealed is void." And we have on more than one occasion held that this is true, where the Act in question was repealed by implication. State v. Brennan, supra; In re Naegele, 70 Mont. 129, 224 Pac. 269. In the Brennan case the court said [89 Mont. 479, 300 Pac. 276], "It was not possible for the Legislature to put life into a dead statute by amendment of it."

But even if the authority to codify was broad enough to jus-

 tify the inclusion therein of both section 2815.115, making the sale merely a misdemeanor, and section 11048.1, we would have the same irreconcilable conflict of two sections, one fixing one penalty for the act of selling liquor to a minor, and the other fixing a different penalty for the same act. The rule of construction then applicable is, that, "Where a provision of the Code conflicts with other provisions contained in the same Code, that provision which was originally enacted latest in time will operate to repeal an inconsistent prior provision." Sutherland Statutory Construction, 3d Ed., 2019; State v. Zorn, supra; Hillsborough v. Jackson, supra; State v. Hennepin Dist. Ct., 107 Minn. 437, 120 N. W. 894; State ex rel. Jaster v. Court, 132 Ohio St. 93, 5 N. E. (2d) 174.

Under any possible construction to be placed upon the stat- utes, section 11048.1, under which appellants were sentenced cannot be saved.

But treating the questions here involved as though both sections 11048.1 and 2815.115 were in force, irreconcilably conflicting as they are, we come to another impasse.

It is admitted in the record that the appellants were sentenced as for violation of said section 11048.1. In pronouncing sentence, the court, after reviewing the arguments and briefs of respective counsel wherein the defendants contended the court had discretion to fix the penalty within the limits prescribed in sections 2815.130 and 2815.163, for a violation of section 2815.115 of the State Liquor Control Act, that is, by fine not exceeding $500, or imprisonment in the county jail not exceeding six months, or both, held with the county attorney who insisted the penalty should be as fixed by said section 11048.1, and said: "The court is of the opinion that it has no discretion herein, that the penalty as to defendant Hall must be fixed as prescribed in said section 11048.1, as amended, and that the court has no discretion to fix a penalty less than $250.00 fine and six months' imprisonment in the county jail." The court then quoted section 2815.132 and held it made the "occupant of the building or proprietor of the business" a

principal in the offense committed by the employee, and sentenced the appellants as for violation of section 11048.1, as hereinabove stated.

The language of the information is the language of section 2815.115, and the court in holding that section 2815.132 made the "occupant of the building or proprietor of the business" a principal in the offense committed by the employee evidently considered the charge to be for violation of section 2815.115 because section 2815.132 being a part of the State Liquor Control Act, applies only to offenses against that Act. Realizing this situation the state in brief herein says: "In the cases at bar the appellants Holt and Hall were each charged with a single offense but the offense with which each was charged was punishable under three separate statutes, namely, section 11048.1, Revised Codes of Montana 1935, as amended by Chapter 124, Laws of 1941; section 11, Chapter 84, Laws of 1937, as amended by Chapter 221, Laws of 1939; and section 2815.132, Revised Codes of Montana 1935."

The state cites section 11581, Revised Codes, to support its contention that a charge under either section cited may upon conviction be punished under section 11048.1, Revised Codes. The cited statute does not so provide. It reads as follows: "An act or omission which is made punishable in different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, * * *."

In State v. Marchindo, 65 Mont. 431, 211 Pac. 1093, it was held that this statute is a procedural Act. But it seems that its further purpose is to implement the guaranty of the Montana Constitution providing, "nor shall any person be twice put in jeopardy for the same offense," Art. III, sec. 18, Mont. Const., and to confirm that other guaranty that, "in all criminal prosecutions the accused shall have the right * * * to demand

the nature and cause of the accusation." Art. III, sec. 16, Mont. Const.

Such was held to be the purpose of the identical statute in Idaho. State v. Gutke, 25 Idaho 737, 139 Pac. 346. But whether the statute be adjective or substantive, of the remedy or of the right, it does not sustain the proposition that a person can be prosecuted for violating one statute, and upon conviction be punished for the violation of another and different statute.

It is the "acquittal" or "conviction and sentence" under either statute that bars prosecution for the "same act" under "any other" statute.

It follows from the precise provision of the statute that the "conviction and sentence" must be in accordance with some one statute, for there may not be a "conviction," nor a "sentence" without a prosecution, and in the prosecution, the information must charge the offense relied upon for the conviction, and it is only the offense charged that may be punished.

The Constitution, the laws, and the specific statute, section 11581, all demand that upon conviction of a charge of crime, the offender may be punished only for the offense charged against him. And the due process clause of the Constitution of the United States demands this.

The Supreme Court of the United States as late as the 8th of March, this year, so held. The case, Cole v. Arkansas, 68 S. Ct. 514, 516. In that case defendants were charged with a violation of section 2 of an Arkansas statute, tried and convicted upon that charge, and they were sentenced as for violation of section 1 of the statute. The Supreme Court of Arkansas upheld the conviction but the United States Supreme Court said:

"We therefore have this situation. The petitioners read the information as charging them with an offense under sec. 2 of the Act, the language of which the information had used. The trial judge construed the information as charging an offense under sec. 2. He instructed the jury to that effect. He

charged the jury that petitioners were on trial for the offense of promoting an unlawful assemblage, not for the offense 'of using force and violence.' Without completely ignoring the judge's charge, the jury could not have convicted petitioners for having committed the separate, distinct, and substantially different offense defined in sec. 1. Yet the State Supreme Court refused to consider the validity of the conviction under sec. 2, for violation of which petitioners were tried and convicted. It affirmed their convictions as though they had been tried for violating sec. 1, an offense for which they were neither tried nor convicted.

"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."

Section 2815.132, cited by the state as one of the three statutes under which appellants might be punished, and cited by the court in sentencing Holt, does not provide punishment for any offense. It merely purports to state a rule of evidence, a quasi presumption. It is a part of the State Liquor Control Act and is applicable only to an offense against that Act. It reads as follows: "Upon proof of the fact that an offense against this act has been committed by any person in the employ of the occupant of any house, shop, room, or other premises in which the offense is committed, or by any person who is suffered by the occupant, to be or remain in or upon such house, shop, room, or premises or to act in any way for the occupant, the occupant shall prima facie be deemed to be a party to the offense so committed." The substance of this section was given to the jury as instruction No. 9½.

It appears from the language of the information, the instruction 9½, the court's statement in sentencing appellants, and the entire record in the case, that appellants were prosecuted for a violation of section 2815.115, the State Liquor Control Act, and sentenced as for violation of section 11048.1.

But even had the repealed section 11048.1 been in force at the time of the offense charged against appellants, neither that section nor yet section 2815.115, also assuming it to be in force, which it was not, were violated by them.

The "retail liquor dealers' license Act" and sections 11 and 38 of that Act, Chapter 84, Laws of 1937, prescribing the penalty to be imposed upon a "licensee or his or her employee" for selling liquor to "any person under the age of twenty-one (21) years," appears to have been ignored by court and counsel. Yet that is the statute which a "licensee" violates by making such a sale.

Said section 11, as amended by section 3 of Chapter 221, Laws of 1939, provides that "No licensee *or his or her employee or employees* shall sell * * * any liquor, *beer or wine* to: 1. *Any person under the age of twenty-one (21) years* * * *."

This "retail liquor dealers' license Act" was passed after the control of the liquor business by the state had continued for a number of years under the State Liquor Control Act. Its purpose, as declared in the preamble to the Act, was "to further regulate and control the sale and distribution within the state of alcoholic beverages, and to eliminate certain illegal traffic in liquor now existing, and to insure the entire control of the sale of liquor in the Montana liquor control board." The Act was passed as Chapter 84 of the Laws of 1937, but was suspended by referendum and became a law by vote of the people at the general election held on November 8, 1938.

The Act treats specifically of the issuance of licenses to carry on the business of retail liquor dealer, provides for issuing such licenses by the Montana liquor control board to qualified applicants, which "shall include persons, hotels, clubs, fraternal organizations and railway systems," sec. 3, Chapt. 84, Laws of 1937, and covers the subject of the duties and liabilities of the licensee. It provides that the licensee shall not sell or keep for sale any liquor except that purchased from a state liquor store, contains rather full details of governing and regulating the retail liquor business, and that "any person,

who has not been issued a license under this act, who shall sell * * * alcoholic liquor, shall be guilty of a felony and upon conviction thereof shall be fined not less than one thousand dollars ($1,000.00) nor more than five thousand dollars ($5,000.00), or be imprisoned in the state prison for not less than one (1) nor more than five (5) years, or both such fine and imprisonment.'' Sec. 18, Chapt. 84, Laws of 1937. This penalty is applicable to sales of liquor by a non-licensed person whether made to adult or minor.

This severe penalty of one not the state's licensee, who sells liquor to minor or adult, is of course, to protect the state's monopoly of the liquor business. It would seem that it should be effective for the purpose. The licensee, though, is treated with greater leniency. Of course the purpose of issuing him a license is to permit him to sell the liquor he buys from the state. He is punished only if he sells or keeps for sale liquor other than that which he buys from the state, sec. 17, Chapt. 84, Laws of 1937, for selling at less than the price fixed by the state, sec. 19, Chapt. 84, Laws of 1937, for selling during certain hours and on certain days, sec. 12, Chapt. 84, Laws of 1937, and for selling to a minor, intoxicated person, habitual drunkard, or an interdicted person, sec. 11, Chapt. 84, Laws of 1937, as amended. A more severe penalty is imposed for the sale by a licensee of liquor which he buys from some source other than the state, than for the sale to a minor, drunkard or intoxicated person.

Thus it is to be seen that while the enactment of the state liquor control laws and its sections 2815.115 and 2815.163, operated as a repeal of the Act that was carried into the Code as section 11048.1, said section 2815.115, insofar as it covered the sale of liquor to minors, was in turn repealed by the enactment of the retail liquor dealers' license Act, which so far as the sale of liquor to minors is concerned, made such sale by a ''person, who has not been issued a license,'' a felony, but if a ''licensee or his or her employee'' merely a misdemeanor, cognizable in the justice court.

So it is not possible to consider section 11 of Chapter 84, Laws of 1937, as an amendment of section 2815.115 of the State Liquor Control Act. The latter section was not amended by the enactment of the retail liquor dealers' license Act. It was repealed by it in so far as the sale of liquor to a person under the age of 21 years is involved. Section 18 of the last named Act makes it a felony for "any person, who has not been issued a license under this Act" to "sell or keep for sale" alcoholic liquor. He is guilty if he sells such liquor to anyone, adult or minor. The Act thus covers the entire field of the sale of such liquor. If the sale is by a non-licensed person to a minor the offense is a felony. If by a licensee it is a misdemeanor. Section 11048.1 having been repealed by the state liquor control law, section 2815.115 of that law was in turn repealed by the retail liquor dealers' license Act, by the like necessary and inescapable implication. The conflicting provisions both may not stand. The later Act is the law. State v. Brennan, supra; Sutherland Statutory Construction, supra.

This Act, insofar as it treats of the sale of intoxicating liquors, by those licensed under the Act, to persons under the age of twenty-one years, is a special Act. It does not relate to "any person" who shall sell, as do the other two cited statutes, nor to "any person, who has not been issued a license," as in section 18 of the Act, but only to "licensees or their employees." Under the long settled and universal rule of construction, the provision of the special Act must prevail over the general provisions of the general law when the special and general laws are in conflict. And especially so where, as here the special Act treats the subject in a minute and definite way. And the rule is particularly compelling where, as here, the special Act treating of sales by the state's licensees, was enacted subsequent to the passage of the state liquor control Act prohibiting all sales of liquor except under state control. Here it is the latest expression of the legislative intention, and the special statute prevails in all cases coming within its field and scope. And this is the rule though the special law ante-

dates the general. Adair v. Schnack, 117 Mont. 377, 161 Pac. (2d) 641; Lillis v. City of Big Timber, 103 Mont. 206, 62 Pac. (2d) 219; Story Gold Dredging Co. v. Wilson, 106 Mont. 166, 76 Pac. (2d) 73; Durland v. Prickett, 98 Mont. 399, 39 Pac. (2d) 652; Stadler v. City of Helena, 46 Mont. 128, 127 Pac. 454; Franzke v. Fergus County, 76 Mont. 150, 245 Pac. 962.

While the information filed against Holt does not state that he was a licensee, the record so shows, and in the brief of the state it is so specifically alleged. After quoting section 8 of Chapter 84, Laws of 1937, providing the nature of the license under which the dealer may act, the state says: "Under the above provision appellant Holt was granted a license to engage in the business of retailing liquor. The only authority which appellant Holt had to engage in such business was under his license." The information against Hall states that he was Holt's bartender and the record shows that he was Holt's employee.

Both Holt, the licensee, and Hall, his employee, were taken out of the operation of other statutes pertaining to the sale of liquor and placed in the special class under which the state of Montana now disciplines its licensees, who are customers of the wholesale liquor business in which the state of Montana is engaged as proprietor. The state in its sovereign capacity, punishes its licensees who violate Chapter 84 by fine, imprisonment, or both, all as hereinbefore mentioned, and "if any such licensee is convicted of any offense under this act his license shall be immediately revoked, *or in the discretion of the board suspended temporarily for a time to be determined by the board.*" Sec. 38 of Chap. 84, as amended by sec. 2 of Chap. 226, Laws of 1947.

Plainly, a licensee, or his employee, is subject to the penalties prescribed by the "retail liquor dealers' license Act." It is the special Act governing the retail liquor business. The state of Montana is the wholesale dealer. The special Act providing for licensing retail dealers was enacted some years after the State Liquor Control Act went into effect. The licensee

could be prosecuted for a sale in violation of the "retail liquor dealers' Act" only under the section of that statute alleged to have been violated. He could not be prosecuted under section 11 of Chapter 84, as amended, and punished as for a violation of section 11048.1 as amended, even had that section been in force. Cole v. State of Arkansas, supra; De Jonge v. Oregon, 299 U. S. 353, 362, 57 S. Ct. 255, 81 L. Ed. 278.

By the provision of section 2815.148, Revised Codes 1935, the district court is given original jurisdiction "in all criminal actions for violations of the provisions of this act." "This act" is the "State Liquor Control Act." The Act which the evidence tends to show was violated by appellants, was section 11 of Chapter 84, Laws of 1937, as amended.

But original jurisdiction for the violation of said statute, section 11, is not vested in the district court. Original jurisdiction of the offense defined in said section is vested in the justice courts. The district court has only jurisdiction of such offense on appeal thereto from the justice court.

The Montana Constitution vests in the district courts jurisdiction "in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for," sec. 11, Art. VIII, Mont. Const., and it provides that "justices' courts * * * shall have such jurisdiction in criminal matters, not of the grade of felony as may be provided by law." Art. VIII, sec. 21.

It has been provided by law at all times since the adoption of the Codes in 1895 that "justices' courts shall have jurisdiction of * * * all misdemeanors punishable by a fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both such fine and imprisonment." Sec. 11630, Rev. Codes of Montana 1935.

Within the limits of the constitutional provisions cited the legislature may confer jurisdiction in any class of cases on either the district courts or justices' courts. State v. Wiles, 98 Mont. 577, 41 Pac. (2d) 8. Here the legislature has left jurisdiction of the offense defined in section 11, Chapter 84, Laws of 1937, in the justices' courts. And "the question

of jurisdiction may be raised at any time, and may be presented in this court for the first time in the case.'' Oppenheimer v. Regan, 32 Mont. 110, 79 Pac. 695, 696.

In view of the conflicting statutes it is not a matter of surprise that courts have fallen into error in attempting to construe and reconcile them in a particular case.

Two cases prior to the instant cases have been before this court in which the appellants were sentenced as for a violation of section 11048.1, Revised Codes 1935, as amended. In neither of these cases was the fact of the repeal of the statute raised by counsel. And in neither of those cases was the fact that prosecutions of the state's licensees, or their employees, for violation of the retail liquor dealers' license Act, prohibiting the sale of intoxicating liquor by such licensees to persons under 21 years of age, must be brought under section 11 of Chapter 84, Laws of 1937, called to the attention of the court. The trial courts were not so advised in either case. In one of the cases, State v. Gussenhoven, 116 Mont. 350, 152 Pac. (2d) 876, Judge Besancon, district judge who sat in place of Mr. Justice Morris, disqualified, merely said that defendant Gussenhoven was convicted of a violation of section 11048.1, as amended by Chapter 124, Laws of 1941. No assignment of error as to the matter herein set forth was made. From the opinion it appears that the insufficiency of the evidence to support the verdict and that the punishment was excessive were the principal assignments of error made.

In the second of the cases brought here, State v. Nance, Mont. 184 Pac. (2d) 554, the appeal was from orders refusing permission to defendant to withdraw his pleas of guilty upon which pleas he was sentenced by the trial court, for violation of section 11048.1, as amended. In that case neither the fact of repeal, nor the effect of the enactment of the retail liquor dealers' license Act, upon prosecutions of licensees thereunder for the sale of liquor to persons under the age of 21 years, was presented in the court below or here.

That the repeal of the statute that crept into the Code as

█ section 11048.1, was not called to the attention of the court in the two cited cases, must not deprive the appellants of their rights, now that the fact of such repeal is revealed. The Constitutions of both state and nation, Const. U. S. Amends. 6, 14, Const. Mont. Art 3, sections 16, 27, declare that ''no person shall be deprived of life, liberty, or property without due process of law,'' and ''in all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation.'' These are rights vouchsafed to all who are accused of crime, be they guilty or innocent. Here appellants were sentenced as for violation of a statute that had ceased to exist. And the offense which the evidence tended to prove was one of which the district court did not have jurisdiction.

It is not possible to read into the retail liquor dealers' license █ Act the provisions of section 2815.148, Revised Codes of Montana 1935, which gives the district courts jurisdiction of criminal actions for violation of the provisions of the state liquor control Act. Section 40 of the retail liquor dealers' license Act, Chapter 84, Laws of 1937, provides that ''all acts and parts of acts in conflict hereto are hereby repealed, but this act shall not be construed to repeal or amend any provision or section of the state liquor control act of Montana, except in so far as the same is in conflict with this act.'' But this does not give nor purport to give the district court original jurisdiction of the misdemeanor committed by a licensee who sells liquor to a person under 21 years of age in violation of the retail liquor dealers' license Act. It does not make section 2815.148 of the State Liquor Control Act a part of the retail liquor dealers' license Act. The legislature may vest the district courts with jurisdiction in all criminal actions arising under the retail liquor dealers' license Act if in its wisdom it is deemed advisable to do so. It has not done so. Originally, under the State Liquor Control Act, the sale of liquor to persons under 21 years of age in violation of section 2815.115, Revised Codes of 1935, of that Act, a misdemeanor, was cognizable

only in the justice court. When it was so held by this court in State v. Wiles, 98 Mont. 577, 41 Pac. (2d) 8, on January 22, 1935, the legislature enacted Chapter 166, Laws of 1935, approved March 13, 1935, which is now section 2815.148, Revised Codes of Montana 1935, giving jurisdiction in cases arising under the State Liquor Control Act, to the district courts. It may see fit to do so in cases arising under the retail liquor dealers' license Act. The court possesses not the power. Nor may we resort to rules of construction where the statute is plain and without ambiguity. In pari materia is a rule of construction. There is no room to resort to it nor is there room for any strained or subtle construction where the language of an Act is clear. Kipp v. Paul, 110 Mont. 513, 103 Pac. (2d) 675; Vaughn & Ragsdale Co. v. State Board of Equalization, 109 Mont. 52, 96 Pac. (2d) 420.

The retail liquor dealers' license Act is clear as to the offense committed by a licensee or his employee under the Act who sells liquor to a person under 21 years of age, and as to the penalty for such offense, and as to the jurisdiction of the offense.

Under the statutes now in force in Montana, anyone not licensed by the state to sell intoxicating liquors who sells liquor to a minor or any other person, violates section 18, Chapter 84 of the Session Laws of 1937, the retail liquor dealers' license Act, and "shall be guilty of a felony and upon conviction thereof shall be fined not less than one thousand dollars ($1,000.00), nor more than five thousand dollars ($5,-000.00), or be imprisoned in the state prison for not less than one (1) nor more than five (5) years, or both such fine and imprisonment." The district courts have jurisdiction of this offense. But if the one who sells such liquor to a minor is a person to whom the state has issued a license to sell liquor, or the employee of such licensed person, he violates section 11 of Chapter 84, Session Laws of 1937, as amended by Chapter 221, Laws of 1939, when he makes such sale, and is punished upon conviction by a fine of not more than $500 or imprisonment

in the county jail not more than six months or both such fine and imprisonment. This crime is one of which the district court does not have jurisdiction, except on appeal, and must be prosecuted in the justice court. It is well known that in some of the counties of the state prosecutions of licensed retail liquor dealers for selling liquor to minors are brought in the justice courts. There the actions are properly brought. In some counties, owing to the confusion created by the enactment of the later conflicting statutes, such prosecutions have been mistakenly brought under one or the other of the repealed statutes, section 11048.1 or section 2815.115, Revised Codes of 1935, of which, while they were in force, the district courts had jurisdiction.

By reason of the review of the statutes and their history, and the analysis thereby compelled, it is plain that the statute found in the Codes as section 11048.1, as amended by Chapter 124, Laws of 1941, was repealed by the enactment of the State Liquor Control Act of Montana, before its trespass into the Code. And it is equally plain that since the enactment of the state retail liquor dealers' license Act in 1937, referred to the people and enacted by their referendum vote in 1939, violation of the provision of that Act forbidding the sale of liquor to persons under the age of 21 years by a "licensee or his or her empolyee or employees" must be prosecuted and punished as provided in that Act. Under this condition of the law, and the admitted state of the facts, it appears that the offense which the evidence tended to prove against appellants was the violation of section 11 of Chapter 84, Laws of 1937, as amended, which makes it a misdemeanor for a "licensee or his or her employee or employees" to sell intoxicating liquor to a person under 21 years of age. This was an offense of which the district court did not have original jurisdiction.

It not being possible to sustain the judgments of conviction and sentence the same are reversed and the actions, which were consolidated for trial and upon appeal, are ordered dismissed.

Associate Justices Choate and Metcalf, concur.

MR. JUSTICE ANGSTMAN (concurring in part and dissenting in part).

I concur in the opinion of Mr. Justice Gibson so far as it holds that section 11048.1 was repealed by implication by the Liquor Control Act found in sections 2815.60 to 2815.163, Revised Codes of Montana of 1935, and that the purported amendment of section 11048.1 by Chapter 124 of the Laws of 1941 is invalid. I do not agree with the conclusion that the district court has no jurisdiction over this type of case.

I think that section 11 of Chapter 84 of the Laws of 1937 is but an amendment of section 2815.115 of the Revised Codes of. 1935 and that this is the law applicable to these cases.

I think the informations were sufficient to constitute a violation of section 11 of Chapter 84 of the Laws of 1937. They charge the sale of intoxicating liquor to minors and in consequence are sufficient to charge the offense defined in section 11 of Chapter 84. It is sufficient that the information alleges facts bringing the case within section 11 and it is not necessary that the information specifically point out the number of the statute under which the prosecution is based. However, since the Court took the view that it could impose no fine less than $250 and not less than six months' imprisonment, I think the case must be remanded for a new sentence because under Chapter 84 the sentence that may be imposed is governed by section 38 reading: "Any person violating any of the provisions of this act, shall upon conviction thereof, be deemed guilty of a misdemeanor and punishable by such fine or imprisonment, or both, as provided by law, except as is herein otherwise provided. If any such licensee is convicted of any offense under this act his license shall be immediately revoked."

Under that section the proper sentence is governed by section 2815.163 or 10725, Revised Codes 1935, the latter reading: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is

punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both."

In consequence I think the cause should be remanded with directions for the court to change the sentence imposed should it see fit to do so.

On the question of the jurisdiction of the court, it is my view that section 2815.148 controls. That section provides: "The district courts shall have original jurisdiction in all criminal actions for violations of the provisions of this act, and in all civil actions for the recovery or enforcement of fines, penalties and forfeitures provided for in this act, and all such actions, both criminal and civil, shall be instituted, prosecuted and tried in the district court."

By Chapter 84 in the declaration of policy the legislature said: "It is hereby declared as the policy of the state that it is necessary to further regulate and control the sale and distribution within the state of alcoholic beverages, and to eliminate certain illegal traffic in liquor now existing, and to insure the entire control of the sale of liquor in the Montana liquor control board, it is advisable and necessary, in addition to the operation of the state liquor stores now provided by law, that the said board be empowered and authorized to grant licenses to persons qualified under this act, to sell liquor purchased by them at state liquor stores at retail posted price in accordance with this act and under rules and regulations promulgated by the said board, and under its strict supervision and control, and to provide severe penalty for the sale of liquor except by and in state liquor stores and by persons licensed under this act. The restrictions, regulations and provisions contained in this act are enacted by the legislature for the protection, health, welfare and safety of the people of the state." Hence I think Chapter 84 is legislation supplementary to and amendatory of the Liquor Control Act, section 2815.60 et seq., and that the two should be read together as one Act.

In 50 Am. Jur., Statutes, pages 345-347, it is said: "Under

the rule of statutory construction of statutes in pari materia, statutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great, connected, homogeneous system, or a single and complete statutory arrangement. Such statutes are considered as if they constituted but one act, so that sections of one act may be considered as though they were parts of the other act, as far as this can reasonably be done. Indeed, as a general rule, where legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, and they should be so construed as to harmonize the general tenor or purport of the system and make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness. It will be assumed or presumed, in the absence of words specifically indicating the contrary, that the legislature did not intend to innovate on, unsettle, disregard, alter or violate a general statute or system of statutory provisions the entire subject matter of which is not directly or necessarily involved in the act.''

And again at pages 481 and 482, it is said: ''Strictly speaking, an amendatory act is not regarded as an independent statute. Of course, the statute in its old form is superseded by the statute in its amended form, the amended section of the statute taking the place of the original section, for all intents and purposes as if the amendment had always been there. The amendment should be considered as if embodied in the whole statute of which it has become a part. Unless a contrary intent is clearly indicated, the amended statute is regarded as if the original statute had been repealed, and the whole statute reenacted with the amendment.''

The applicable rule is stated in Sutherland on Statutory Construction, section 1935, as follows: ''The original section as amended and the unaltered sections of the act, code, or com-

pilation of which it is a part, relating to the same subject matter, are to be read together. The act or code as amended should be construed as to future events as if it had been originally enacted in that form. Provisions in the un-amended sections applicable to the original section to which it was applicable are applicable to the section as amended in so far as they are consistent.'' Pp. 431, 432.

Many cases are there cited in support of the text. The one nearest to this in point of facts is that of State v. Montgomery, 94 W. Va. 153, 117 S. E. 870, 872, where the court said: ''Logically, the first assignment of error which should be considered is whether the justice had jurisdiction to try on the warrant; for, if the justice did not have jurisdiction, and could not try the case, the circuit court had no jurisdiction upon appeal. Richmond v. Henderson, 48 W. Va. 389, 37 S. E. 653. Under section 32 of Chapter 32A of the Code, which is the chapter on intoxicating liquors, a justice of the peace is given concurrent jurisdiction with the circuit or other courts having criminal jurisdiction, for the trial of first offenses arising under the act. The state may elect to have trial before the justice in such cases, or require only a preliminary hearing to determine whether the accused shall be held to the grand jury; and the prisoner, in case the state elects to try, is entitled to a jury. This provision was contained in section 32, c. 7, of the Acts of 1915; but it is pointed out that the offense charged in the warrant, namely, unlawfully having in his possession a quantity of moonshine liquor contrary to law, was not an offense until it was made so in 1921, and therefore the justice did not have jurisdiction under said section 32. The jurisdiction of a justice to try and determine criminal offenses is purely statutory. But does not the offense created by the act of 1921, which is an amendment to the act of 1915, bring it within the jurisdiction of a justice? Where there has been an amendment and re-enactment of a former statute, the rule of construction is that the amendment becomes a part of the original act in respect to things thereafter done, as if it had been a part of

the original act. The amendment becomes a part of the original statute, and of course must be read in relation to all of the provisions of the original act. Where certain amendments to an act gave justices of the peace concurrent jurisdiction with the common pleas court, 'under the restrictions and limitations herein provided,' this was held to refer to the restrictions and limitations provided in the original act as it stood after all the amendments made thereto were introduced into the same, in their proper places. Endlich on Interpretation of Statutes, sec. 294; State v. Vendetta, 86 W. Va. 186, 191, 103 S. E. 53. We think the statute and its amendment, properly construed, give to a justice jurisdiction to try the offense charged in the warrant.''

The rule is expressed in 59 C. J. 1094, as follows: ''Amendments are to be construed together with the original act to which they relate as constituting one law, and also together with other statutes on the same subject, as part of a coherent system of legislation; and this rule is applicable where a later independent statute amends a former statute by implication.''

The fact that section 38 of Chapter 84, Laws of 1937, fixes a penalty within the jurisdiction of the justice court does not affect the question under consideration because that was likewise true of the Liquor Control Act originally. See section 2815.163.

Hence I think that when the legislature conferred jurisdiction upon district courts in all criminal actions ''for violations of the provisions of this act'' referring to the State Liquor Control Act of Montana, it would follow that such jurisdiction is conferred upon the district court for violations of that Act as amended thereafter, where as here there is nothing to indicate a contrary intent. This intention also seems to me to be clear from section 40 of Chapter 84, which reads: ''All acts and parts of acts in conflict hereto are hereby repealed, but this act shall not be construed to repeal or amend any provision or section of the state liquor control act of Montana, except in so far as the same is in conflict with this act.''

There is nothing in Chapter 84 in conflict with section 2815.148 and hence I think the legislature intended by section 40 to have section 2815.148 apply to all violations of Chapter 84 which, as above indicated, constitutes amendments or additions to the Liquor Control Act.

My conclusion is that the judgment of conviction should be sustained but that the cause should be remanded to the district court for the imposition of a different sentence should the court see fit to impose a different sentence. I think this should be done for the reason that the court was of the opinion that because of Chapter 124 of the Laws of 1941, it could not impose a lesser penalty than it did impose but, as above indicated, the court has the right to impose a lesser punishment if it sees fit and for that reason I think the cause should be remanded solely for the purpose of authorizing the trial court to impose a new and different sentence if the court sees·fit to do so.

MR. CHIEF JUSTICE ADAIR (dissenting) :

Frank Holt and Elija L. Hall were accused, tried by a jury, convicted and sentenced in the district court of Lake county, Montana, for the crime of having, on June 22, 1946, at said county, unlawfully sold and supplied a pint of whiskey to a sixteen-year-old boy.

From the judgments of conviction the defendants Holt and Hall appealed to this court.

The majority opinion holds that there is no law on the statute books of the state of Montana that empowers the district court to try or to punish any person for unlawfully selling whiskey to a sixteen-year-old boy.

I cannot and I do not concur in or agree with such holding.

There are two separate criminal actions involved, one against each appellant. The actions were consolidated for trial and tried before the same jury which rendered separate verdicts of guilty.

Each information charges the accused with "the crime of selling or supplying liquor to a minor." The information

against the appellant Frank Holt was filed August 20, 1946 and reads:

"In the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Lake, on the 20th day of August, A. D. one thousand nine hundred and forty-six, Frank Holt, late of the County of Lake and State of Montana, is accused by the County Attorney of said County in the name and by the authority of the State of Montana, by this information, of the crime of selling or supplying liquor to a minor committed as follows: The said Frank Holt on the 22nd day of June, A. D. one thousand, nine hundred and forty-six at the County of Lake, in the State of Montana, with force and arms did willfully, wrongfully, and unlawfully supply and sell intoxicating liquor, to-wit: one pint of whiskey, to one James White, a minor sixteen years of age at that time; that the said liquor was delivered to the said James White in the tavern at Ravalli, Montana, operated by the defendant, Frank Holt, by his bartender one Elija L. Hall.

"All of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana.

"T. R. Delaney,

"County Attorney in and for the

County of Lake, State of Montana."

The information filed on August 27, 1946 against the appellant Elija L. Hall charges the same offense and is in the same form.

The informations against Holt and Hall do not mention or refer to any particular statute or to any particular section of the Codes but they sufficiently charge the public offense of unlawfully selling or supplying liquor to a minor according to the facts developed at the trial.

The selling or supplying of intoxicating liquor to a minor is prohibited by three separate statutes, namely: (1) by the Retail Liquor Dealers' License Act, Chapter 84, Laws of 1937, sec. 11, as amended by Chapter 221 of the Session Laws of 1939, at

page 596; (2) by the State Liquor Control Act, Chapter 105, Laws of 1933, sec. 56, now section 2815.115, Rev. Codes 1935; and (3) by section 11048.1, Rev. Codes 1935, originally enacted as section 1 of Chapter 122, Laws of 1927, and amended by Chapter 124, Laws of 1941.

The evidence is undisputed that the appellant Frank Holt and his wife were holders of a license issued by the Montana liquor control board authorizing them to sell intoxicating liquor at their tavern in Ravalli, Montana where they employed the appellant Elija L. Hall as bartender.

There is also substantial evidence in the record tending to establish that appellants violated the particular statute having special application to licensees and their employees, being section 11 of the retail liquor dealers' license Act, as amended.

To the informations filed against them the appellants entered pleas of not guilty. Thereby an issue of fact arose on the accusations made, section 11928, Rev. Codes 1935.

*Is It a Crime in Montana to Sell Whiskey to a Sixteen Year Old Boy?* Is the sale of intoxicating liquor to a youth of such tender years ''contrary to the \* \* \* statute in such case made and provided'' as charged in the informations? Is such selling ''against the peace and dignity of the State of Montana'' as charged in the informations?

The answers are found in the provisions of the state liquor control Act of Montana, Ch. 105, Laws 1933, now sections 2815.60 to 2815.163, Rev. Codes 1935, and subsequent Acts of the legislature supplementing and amendatory thereof, including the retail liquor dealers' license Act originally enacted as Chapter 84 of the Session Laws of 1937.

That the retail liquor dealers' license Act merely supplements, dovetails into and is amendatory of the earlier state liquor control Act and that the legislature so intended is clearly shown by the provisions of the retail liquor dealers' license Act, Ch. 84, Laws 1937, and particularly section 1 setting forth a declaration of policy; section 2 defining ''board'' to mean the Montana liquor control board, ''state liquor store'' to mean a store estab-

lished and operated by the Montana liquor control board, "license" to mean a license issued by the Montana liquor control board, and "rules and regulations" to mean rules and regulations made and promulgated by the Montana liquor control board; section 3 empowering the Montana liquor control board to issue licenses to sell liquor at retail; section 5 requiring application for retail liquor licenses to be in writing and to be filed with the Montana liquor control board; section 15 authorizing the Montana liquor control board to collect an excise tax on liquor sold and delivered; section 22 authorizing the Montana liquor control board to promulgate rules and regulations for carrying out the provisions of the Act; sections 23 to 27 authorizing the Montana liquor control board to investigate the operation and conduct of licensees, to entertain and hear complaints and to thereafter take appropriate action thereon; and section 38 making it a misdemeanor to violate any of the provisions of the Act and upon conviction requiring the Montana liquor control board to revoke the dealers' license.

The Act further provides:

"Section 39. * * * *This act shall apply to the Montana liquor control board as now composed* and existing, and to any board or commission which may hereafter succeed to the above said board.

"Section 40. All acts or parts of acts in conflict hereto are hereby repealed, *but this act shall not be construed to repeal or amend any provision or section of the state liquor control act of Montana, except in so far as the same is in conflict with this act.*" (Emphasis supplied.)

The Act, Ch. 84, Laws 1937, as amended by Chapter 221 of the Session Laws of 1939 at page 596, further provides: "Section 11. No licensee *or his or her employee or employees* shall sell, deliver, or give away or cause or permit to be sold, delivered or given away any liquor, *beer or wine* to: 1. *Any person under the age of twenty-one (21) years.*"

By this special statute the licensee Frank Holt and his em-

ployee Elija L. Hall were and are prohibited from selling, delivering or giving away any liquor to any sixteen year old boy.

The state liquor control Act, 2815.132, Rev. Codes, provides: "Section 73. Upon proof of the fact that an offense against this act has been committed by any person in the employ of the occupant of any house, shop, room, or other premises in which the offense is committed, or by any person who is suffered by the occupant, to be or remain in or upon such house, shop, room, or premises or to act in any way for the occupant, the occupant shall prima facie be deemed to be a party to the offense so committed, and shall be liable to the penalties prescribed for the offense as a principal offender, notwithstanding the fact that the offense was committed by a person who is not proved to have committed it under or by the direction of the occupant; but nothing in this section shall relieve the person actually committing the offense from liability therefor."

As a general rule, one person is not liable for the criminal acts of another in which he did not participate either directly or indirectly but there is a class of cases which form an exception to such general rule. "Among the most common cases wherein this exception is noted are those involving a violation of an intoxicating liquor statute. In those cases the almost universal rule is that the owner of a saloon is criminally liable for all violations of the law committed by his agents, although without his knowledge, or even against his express prohibition." 8 R. C. L., Criminal Law, page 66, sec. 17, note 18.

A jury having found the licensee Holt and his bartender Hall guilty of unlawfully selling whiskey to a minor, it is plain that such acts and conduct constitute a violation of section 11 of the retail dealers' licence Act.

*What Is the Offense?* What offense was committed by the licensee and his employee when they violated section 11 of the retail liquor dealers' license Act, as amended by Chapter 221, Laws of 1939?

The answer is found in section 38 of the retail liquor dealers' license Act which provides: "Section 38. Any person violating

any of the provisions of this act, shall upon conviction thereof, be deemed guilty of a misdemeanor and punishable by such fine or imprisonment, or both, as provided by law, except as is herein otherwise provided. If any such licensee is convicted of any offense under this act his license shall be immediately revoked.''

Upon conviction of the crime of unlawfully selling intoxicating liquor to a minor as charged in the informations the licensee and his employee were by law ''deemed guilty of a misdemeanor and punishable by * * * fine or imprisonment, or both, as provided by law.''

*What Is the Penalty?* What is the penalty ''provided by law?'' Section 103 of the state liquor control Act, 2815.163, Rev. Codes provides: ''Section 103. Anyone violating any of the provisions of this act shall be guilty of a misdemeanor and be subject to punishment not exceeding Five hundred dollars ($500.00) fine, or six (6) months' imprisonment, either or both; except where other penalties or punishment is herein expressly provided.''

There is nothing in the retail liquor dealers' license Act that in any wise or manner conflicts with section 103 of the state liquor control Act, supra, and, since the legislature has expressly declared in section 40 of the retail liquor dealers' license Act that such Act ''shall not be contrued to repeal or amend any provision or section of the state liquor control act of Montana,'' it follows that the penalty provided for violating the provisions of section 11 of the retail liquor dealers' license Act as amended is that provided in section 103 of the state liquor control Act above quoted.

Section 10725, Revised Codes of Montana 1935, provides: ''Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both.'' This, however, is a general statute while here we have a special statute applying particularly to violations by a licensee and his employee of specific provisions of the state liquor control Act as

amended, wherein a somewhat different punishment is prescribed by another provision of the Act, entitled: "An Act to Limit, Regulate and License the Manufacture and Sale of Any and All Liquors or Beverages That May Hereafter be Manufactured, Sold or Dispensed in the State of Montana," namely by section 103 thereof. Section 2815.163, Rev. Codes.

*What Court Has Jurisdiction?* The 1935 state legislative assembly by the enactment of Chapter 166 of the Session Laws of 1935 amended the state liquor control Act by adding a new section to be known as section 88(a). The 1935 Act further expressly repealed all acts and parts of acts in conflict therewith. The new section so added to the state liquor control Act provides: "Section 88(a). The district courts shall have original jurisdiction in all criminal actions for violations of the provisions of this act, and in all civil actions for the recovery or enforcement of fines, penalties and forfeitures provided for in this act, and all such actions, both criminal and civil, shall be instituted, prosecuted and tried in the district court." This section is now section 2815.148, Revised Codes of Montana of 1935.

There is nothing in the retail liquor dealers' license Act that is in conflict with the new section 88(a) of the state liquor control Act expressly conferring upon the district courts original jurisdiction in all criminal actions for violations of the provisions of the state liquor control Act and it is by virtue of the authority so conferred by section 88(a) that the district court of Lake county had original jurisdiction herein.

Nevertheless the majority opinion says, "It is not possible to read into the retail liquor dealers' license Act the provisions of section 2815.148, Revised Codes of Montana 1935, which gives the district courts jurisdiction of criminal actions for violation of the provisions of the state liquor control Act." It was the 1935 state legislative assembly that enacted Chapter 166, Session Laws of 1935, and expressly inserted in the state liquor control Act, "A new section to be known as Section 88(a), Chapter 105, Laws of Montana," now section 2815.148, Rev. Codes, supra. It was the 1937 state legislative assembly that enacted the retail

liquor dealers' license Act supplementing and amendatory of the state liquor control Act wherein two years before had been inserted the new section 88(a), now section 2815.148, Rev. Codes, expressly giving the district courts original jurisdiction in cases such as this. Such new section is not amended nor repealed by any provision of the retail liquor dealers' license Act nor is it in conflict with any provision of said Act, which Act makes no attempt to define the jurisdiction of the court in criminal actions for violations of any of its provisions. Since the retail liquor dealers' license Act expressly declares that it "shall apply to the Montana liquor control board" and that it "shall not be construed to repeal or amend any provision or section of the state liquor control act of Montana, except in so far as the same is in conflict" with the Act, the judges of this court are not permitted to read out of the retail liquor dealers' license Act the provisions of section 2 of Chapter 166, Session Laws of 1935, now section 2815.148, Rev. Codes, so written into said Act by the 1935 legislature. "In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 10519, Rev. Codes 1935. Here the plain duty of this court is to adopt such a construction of the various statutes governing the traffic in liquor in this state as will give effect to all.

Upon their conviction appellants were by law deemed guilty of a misdemeanor under section 38 of the retail liquor dealers' license Act and punishable by fine or imprisonment or both within the maximum limits set and provided in section 103 of the state liquor control Act, sec. 2815.163, Rev. Codes, or section 10725, Rev. Codes. The sentences imposed of six months in jail and fines of $400 each are within the limits prescribed by said section 103 and section 10725, Rev. Codes, supra.

Among the instructions which the trial court gave the jury was its instruction No. 8A given without objection and reading:

"Any person who shall sell, give away or dispose of intoxicating liquors to any person under the age of twenty-one (21) years, shall be guilty of a misdemeanor, and for the first offense, be punishable by a fine of not less than two hundred and fifty dollars ($250.00), nor more than five hundred dollars ($500.00) and by imprisonment for not less than six (6) months nor more than one (1) year in the county jail."

The jury's verdict in each case found the accused guilty and left punishment to be fixed by the court hence appellants suffered no prejudice by the giving of instruction No. 8A. However, by offering no other instruction informing the jury of the penalty prescribed by law as punishment for the offense charged and by registering no objection to the giving of the aforesaid instruction, appellants and their counsel by their inaction and silence acquiesced in the trial court's statement of the law on the punishment that could be meted out in case of conviction as set forth in said instruction. Since the sentences and fines imposed are within the maximum provided in the applicable statute, such sentences and judgments were within the jurisdiction of the court and within the limits prescribed by the legislature as the punishment for the offense of which appellants stand convicted.

It is possible that had the trial court not been of the opinion that section 11048.1, Rev. Codes, applied rather than section 2815.163, Rev. Codes, it may not have imposed the maximum jail sentence of six months, but the fact still persists that the trial court did have jurisdiction under the informations filed, the evidence introduced and the law as enacted by the legislature to impose the $400 fine and the six months' jail sentence in each case. There is therefore nothing unlawful about the judgments rendered against the appellants.

Likewise the validity of the judgments is not affected by whether court or counsel thought section 11048.1, Rev. Codes, or some other code section applicable where, as here, the sentences pronounced, the fines imposed and the judgments rendered conform to the law enacted and prescribed by the state legislative

assembly as punishment for the offenses of which appellants were accused, tried and convicted. Nor are appellants entitled to immunity merely because the trial judge rendering valid judgments thought another and different statute applicable.

The conviction of appellants was accomplished, not by the judgment of the court but by the verdict of the jury. As was well said by this court in the case of In re Lewis, 51 Mont. 539, 541, 154 Pac. 713, ''One of the chief purposes of all legal administration is the prevention of crime, by the due punishment of persons judicially ascertained to have been guilty of crime; and no person whose guilt has been judicially determined is entitled to immunity merely because the trial court having jurisdiction of him and his cause has made a mistake in a correctible matter. We say 'correctible matter' advisedly because the imposition of sentence is such a matter.'' (Citing authorities.)

The majority opinion asserts that section 1 of Chapter 122, Laws of 1927, being section 11048.1, Rev. Codes, as amended by Chapter 124, Laws of 1941, was repealed *by implication* in 1933 when the state liquor control Act of Montana, Ch. 105, Laws of 1933, became effective. The state liquor control Act contains no repealing clause of any sort or character either special or general and nowhere in the Act can there be found any expressed intention or declaration on the part of the lawmakers of this state to repeal the law which makes it a serious offense cognizable in a district court for anyone to ''sell, give away or dispose of intoxicating liquors to a minor.'' Section 11048.1, Rev. Codes. But, says the majority opinion, the repeal ''was by necessary and compelling implication instead of express declaration. The repeal was therefore overlooked by the Code commissioners and this section was given a Code section number and carried into the Codes as section 11048.1 as hereinabove observed.''

Not only was the so-called repeal by implication ''overlooked'' by the code commissioner but it likewise has been ''overlooked'' for almost fifteen years past by the various legislative assemblies of the state, by the governor, by county attorneys and district

judges throughout the state as well as by all the justices serving on the supreme court of this state during such time who have heretofore had occasion to apply or construe the statute which the majority opinion here holds to have been repealed by implication.

In the Gussenhoven Case, 116 Mont. 350, 152 Pac. (2d) 876, decided October 7, 1944, this court, with five judges concurring, upheld a judgment of conviction rendered by the district court of Hill county on an information charging the defendant Gussenhoven of the crime of selling intoxicating liquor to a minor. In that case the information filed in the district court charged the defendant with violating the law in April 1943 by selling intoxicating liquor to a named boy under the age of twenty-one years, in violation of section 11048.1 of the Revised Codes of Montana of 1935, as amended by Chapter 124, 1941 Session Laws, contrary to the form, force and effect of the statute. The defendant appeared in person without counsel, waived counsel, admitted receiving a copy of the information, waived the reading of same, waived the time for pleading, and entered a plea of "not guilty." Later a trial was had at which the defendant was represented by counsel. No objections were interposed to the court's instruction and the verdict of the jury found the defendant guilty and left his punishment to the court. The judgment of conviction was imprisonment in the county jail for six months, and also imposed a fine of $250 on the defendant and ordered that in default thereof he serve out the fine in the county jail at the rate of $2 per day. Defendant testified that he had "a hard liquor license" which he obtained in January 1943. On appeal the defendant specified as error (1) the insufficiency of the evidence to support the judgment of conviction, (2) the overruling of his motion for a new trial, and (3) that the punishment was excessive. In a unanimous opinion this court affirmed both the order denying a new trial and the judgment of conviction.

In the Nance case, 120 Mont. 152, 184 Pac. (2d) 554, this court, with all five of its members concurring upheld five judg-

ments of conviction rendered by the district court of Yellow-stone county on five informations charging the defendant Nance with the crimes of selling intoxicating liquors to minors. The record in that case shows that Nance was the owner and holder of a license issued by the Montana liquor control board. The informations against him refer to no particular statute or section of the Codes but charge a violation by committing the crime of selling intoxicating liquor to persons under the age of 21 years. The offenses charged were clearly violations of section 11 of the retail liquor dealers' license Act, Ch. 84, Laws 1937, as the defendant was a licensee. Following this court's affirmance of the convictions seasoned and able counsel for Nance filed a petition for rehearing supported by exhaustive and carefully prepared briefs analysing and reviewing the decisions and authorities and leaving no stone unturned in their efforts to set aside the judgments of conviction and particularly that portion thereof imposing jail sentences upon their client, but notwithstanding on June 20, 1947, Nance's petition for rehearing was denied.

In 1923 the 18th legislative assembly enacted a special statute, to-wit: Chapter 39 of the Session Laws of 1923, entitled: "An Act Prescribing the Penalty for Unlawfully Giving Away, Selling or Disposing of Intoxicating Liquor to a Minor," Section 1 whereof provides: "Section 1. Any person who shall unlawfully sell, give away or dispose of intoxicating liquors to a minor, shall be guilty of a misdemeanor, and, for the first offense, be punishable by a fine of not less than Two Hundred and Fifty Dollars, nor more than One Thousand Dollars, and by imprisonment for not less than six months nor more than two years in the county jail, and, for the second and subsequent offenses, he shall be guilty of a felony and punishable by a fine of not less than Five Hundred Dollars nor more than Two Thousand Dollars, and by imprisonment in the state penitentiary for not less than one year nor more than two years."

In 1927 the 20th legislative assembly enacted another special statute covering the same subject, being Chapter 122 of the Session Laws of 1927, entitled: "An Act Making it Unlawful to

Sell, Give Away, or Dispose of Intoxicating Liquor to a Minor, Prescribing Punishment Therefor, Defining Intoxicating Liquor, and Repealing Chapter 39 of the Acts of the Eighteenth Legislative Assembly of the State of Montana,'' section 1 whereof, being now section 11048.1, Rev. Codes 1935, provides: ''Section 1. Any person who shall sell, give away or dispose of intoxicating liquors to a minor, shall be guilty of a misdemeanor, and for the first offense, be punishable by a fine of not less than Two Hundred and Fifty Dollars, nor more than Five Hundred Dollars and by imprisonment for not less than six months nor more than one year in the county jail, and for the second and subsequent offenses, he shall be guilty of a felony and punishable by a fine of not less than Five Hundred Dollars, nor more than Two Thousand Dollars, and by imprisonment in the state penitentiary for not less than one year, nor more than two years. Nothing herein contained shall prohibit the furnishing of intoxicating liquor to minors upon any physician's prescription where authorized by the laws of the United States nor the furnishing of wine for sacramental purposes.''

Section 2 of said Act, being now section 11048.2, Rev. Codes 1935, defines the word ''liquor'' or the phrase ''intoxicating liquor'' when ''used in this Act, or in any other laws of the State relating to intoxicating liquors,'' and is the only law now on the statute books of this state defining such word and phrase.

In 1941 the 27th legislative assembly enacted another special statute, Ch. 124, Laws 1941, amending section 11048.1, Rev. Codes, formerly section 1 of Ch. 122, Laws 1927, to read as follows: ''Section 11048.1. Penalty for Giving or Selling Intoxicating Liquors to *Any Person Under the Age of Twenty-One (21) Years.* Any person who shall sell, give away or dispose of intoxicating liquors to *any person under the age of twenty-one (21) years,* shall be guilty of a misdemeanor, and for the first offense, be punishable by a fine of not less than two hundred and fifty dollars ($250.00), nor more than five hundred dollars ($500.00) and by imprisonment for not less than six (6) months nor more than one (1) year in the county jail, and for the sec-

ond and subsequent offenses, he shall be guilty of a felony and punishable by a fine of not less than five hundred dollars ($500.00), nor more than two thousand dollars ($2,000.00), and by imprisonment in the state penitentiary for not less than one (1) year, nor more than two (2) years. Nothing herein contained shall prohibit the furnishing of intoxicating liquors to *any person under the age of twenty-one (21) years* upon any physician's prescription where authorized by the law nor the furnishing of wine for sacramental purposes.''

Thus almost eight years after the enactment by the 23rd legislative assembly of the state liquor control Act, Ch. 105, Laws 1933, which the majority opinion herein holds effected a repeal by implication of Chapter 122, Laws of 1927, supra, did the 27th legislative assembly still consider Chapter 122, Laws of 1927, now section 11048.1, Rev. Codes, to be a valid and subsisting law which by legislative declaration they expressed an intention to amend and as so amended re-enacted as Chapter 124 of the Session Laws of 1941, to which Governor Sam C. Ford on March 11, 1941 affixed his signature of approval, thereby intending to make such Act effective as the law of the land.

Clearly, the above special Acts of the legislatures, the state liquor control Act and the retail liquor dealers' license Act, and supplemental statutes were and are designed to improve existing statutes which go to make up and complete the legislative scheme for controlling and handling the liquor traffic in the state of Montana. Clearly too, the courts must read the state liquor control Act, the retail liquor dealers' license Act and Chapter 124 of the Laws of 1941 together, for Acts in pari materia are always to be construed together. This the majority opinion fails to do and it is clear that it completely overlooks and fails to apply certain well established principles of statutory construction.

Most of these principles were set forth in an able opinion by the learned Justice Galen in the case of State v. Bowker, 63 Mont. 1, 205 Pac. 961, 962, affirming a judgment of conviction

of the crime of maintaining a common nuisance where intoxicating liquors were sold, wherein it is said:

"It is argued that the district court is not possessed of original jurisdiction of the offense charged, as it is by statute made a misdemeanor punishable by a fine of not exceeding $500, and by imprisonment in the county jail not exceeding 6 months. In support of this contention, our attention is directed to the general law prescribing the criminal jurisdiction of justice and district courts. Sections 11630 and 11631, R. C. M. 1921. However, section 37 of chapter 143 of the Laws of 1917 (section 11122, R. C. M. 1921) if still in force and effect, especially confers jurisdiction in such cases upon the district court. It provides: 'The district court shall have original jurisdiction in all criminal actions for violations of the provisions of this act, and in all civil actions for the recovery or enforcement of fines, penalties and forfeitures provided for in this act, and all such actions both criminal and civil, shall be instituted, prosecuted and tried in the district court.'

* * * * * *

"While the rule is recognized that penal statutes must be strictly construed (State v. Cudahy Packing Co., 33 Mont. 179, 82 Pac. 833, 114 Am. St. Rep. 804, 8 Ann. Cas. 717; State v. Aetna Banking & Trust Co., 34 Mont. 379, 87 Pac. 268), yet where the legislative intent is plain, there is no departure from the rule in consequence of the consideration and application of the provisions of more than the one existing enactment on the same subject. It is our duty to reconcile the statutes, and make them operative in accordance with the legislative intent, if at all possible. State ex rel. Evans v. Stewart, 53 Mont. 18, 161 Pac. 309. Every presumption is in favor of the validity of legislative acts, and' the obligation rests on the court to so construe them as to make them operative (Thomas v. Smith, 1 Mont. 21); and an act will not be held void for uncertainty, unless it is impossible to ascertain the legislative intent or purpose (State v. Livingston Concrete Building & Mfg. Co., 34 Mont. 570, 87 Pac. 980, 9 Ann. Cas. 204). 'One of the recognized rules of

construction of statutes is that we are to look to the state of the law when the statute was enacted in order to see for what it was intended as a substitute. No single statute should be interpreted wholly by its own words. Upon enactment it becomes a part of, and is to be read in connection with, the whole body of the law. Its interpretation is to be in the light of the general policy of previous legislation and of the long-established principles of law and equity. Every statute which is properly the subject of judicial construction should receive such a construction as will not conflict with general principles and will make it harmonize with the pre-existing body of law.' 25 R. C. L. 1052.

"In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law. 36 Cyc. 1147, 1148. In the absence of constitutional limitation, a statute may be amended merely by striking out portions of it and inserting new matter, or adding new provisions. In the case of First State Bank v. Bottineau County Bank, 56 Mont. 363, 185 Pac. 162, 8 A. L. R. 631, this court speaking through Mr. Justice Holloway, said: 'A supplemental act is one designed to improve an existing statute, by adding something thereto without changing the original text. McCleary v. Babcock, 169 Ind. 228, 82 N. E. 453; Loomis v. Runge, 66 F. 856, 14 C. C. A. 148. Supplemental statutes include every species of amendatory legislation which goes to complete a legislative scheme. Rahway Sav. Inst. v. Rahway, 53 N. J. L. 48, 20 A. 756.'

"Acts in pari materia are always to be construed together. State v. State Board of Equalization, 56 Mont. 413, 185 Pac. 708, 186 Pac. 697. It is a universally recognized rule of construction in testing the validity of a statute subject to two constructions, one of which will uphold its validity, while the other will condemn it, that the former will be adopted if it can be done without violence to the fair meaning of the words employed. State v. Kahn, 56 Mont. 108, 182 Pac. 107. Every reasonable doubt favors the validity of the statute. State v. State Board

of Equalization, supra. In construing a statute, the court, must ascertain and carry into effect the intention of the Legislature, if possible; such intention to be gathered from the terms of the statute, considered in the light of surrounding circumstances. State ex rel. Evans v. Stewart, supra. Words of a statutory enactment must be so interpreted as to give them a meaning that will best accord with the subject of the enactment. In re Wisner, 36 Mont. 298, 92 Pac. 958. The law imposes a duty upon the judicial department to pursue the legislative intent so far as possible. Lerch v. Missoula Brick & Tile Co., 45 Mont. 314, 123 Pac. 25, Ann. Cas. 1914A, 346; Power v. Board of Co. Com'rs of Choteau Co., 7 Mont. 82, 14 Pac. 658. The words of the statute are to be given their usual construction and are presumed to be used in their ordinary sense. State ex rel. Gillett v. Cronin, 41 Mont. 293, 109 Pac. 144; [State ex rel.] Anaconda Copper Mining Co. v. District Court, 26 Mont. 396, 68 Pac. 570, 69 Pac. 103.

"Repeals by implication are not favored, and it will not be presumed that by a subsequent enactment the Legislature intended to repeal former laws upon the subject not mentioned (Jobb v. Meagher County, 20 Mont. 424, 51 Pac. 1034), and more especially so in the case before us where the existing law appears to have been under consideration to the extent of direct reference thereto, both in the title and in the repealing clause. Even though it be possible to give the construction of chapters 143 and 9 contended for by the defendant, this court is not justified in so doing, as it would thereby defeat the manifest object for the enactment of chapter 9. Wilkinson v. La Combe, 59 Mont. 518, 197 Pac. 836. As indicating the intention to clothe the district court with exclusive jurisdiction in the enforcement of prohibition laws, it is to be noticed that as to property, jurisdiction is also especially conferred on it, in an action in rem, by sections 7 and 8 of chapter 143 of the Laws of 1917, and this court has upheld the jurisdiction so granted. State ex rel. Prato v. District Court, 55 Mont. 560, 179 Pac. 497; State v. Kelly, 57 Mont. 123, 187 Pac. 637. * * *

"The legislative intent appears to have been to make the provisions of the Act of 1921 *supplemental* to the unrepealed provisions of the Act of 1917, and, this being true, clearly jurisdiction in this case is vested in the district court exclusively."

In the early case of Jobb v. County of Meagher, 20 Mont. 424, 433, 51 Pac. 1034, 1037, this court said:

" 'Repeals by implication are not favored, and there is certainly much room for both of these statutes to operate without conflict.' Brown v. McCormick, 28 Mich. 215. If it be possible to reconcile two acts, there will be no repeal by implication. McCool v. Smith, 1 Black, 459 [17 L. Ed. 218].

"Mr. Sutherland, in section 152 of his valuable treatise on Statutory Construction, declares the rule: 'It is not enough to justify the inference of repeal that the later law is different. It must be contrary to the prior law. It is not sufficient that the subsequent statute covers some or even all the cases provided for by the former, for it may be merely affirmative, accumulative, or auxiliary. There must be positive repugnancy, and even then the old law is repealed by implication only to the extent of the repugnancy. If, by fair and reasonable interpretation, acts which are seemingly incompatible or contradictory may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later one will not be regarded as repealing the others by construction or intendment. As laws are presumed to be passed with deliberation and with a full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable.' " (Citing authorities.)

In State v. Schnell, 107 Mont. 579, 584, 88 Pac. (2d) 19, 21, 121 A. L. R. 1082 this court said: "Repeals by implication are not favored. State ex rel. Charette v. District Court, 107 Mont. 489, 86 Pac. (2d) 750. There is no irreconcilable conflict between the two, which is the criterion by which to determine whether there is an implied repeal. State ex rel. Esgar v. Dis-

trict Court, 56 Mont. 464, 185 Pac. 157. We hold that the two Acts must be read together.''

In the most recent case of State of Montana ex rel. Montana State Aeronautics Commission et al. v. Board of Examiners of the State of Montana Mont., 194 Pac. (2d) 633, this court quoted with approval from 50 Am. Jur., pp. 566, 567, to the effect that, ''it is a canon of statutory construction that a later statute general in its terms and not expressly repealing a prior special or specific statute, will be considered as not intended to affect the special or specific provisions of the earlier statute, unless the intention to effect the repeal is clearly manifested or unavoidably implied by the irreconcilability of the continued operation of both, or unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the legislature contemplated and intended a repeal.''

No changes have been effected in the statutes of this state relative to the sale of intoxicating liquor to minors since this court's decisions in the Gussenhoven and Nance cases, supra, yet a majority of the court now holds that the state of Montana has no law on its statute books that clothes the district courts of this state with any original authority or jurisdiction to inquire into the guilt or innocence of any retail liquor dealer, licensed by the state liquor control board charged with the crime of unlawfully selling intoxicating liquors to minors.

If, as the majority holds, section 11048.1 of the Penal Codes of Montana of 1935, as amended by Chapter 124 of the Session Laws of 1941, was *repealed by implication* on December 5, 1933, being the effective date of Chapter 105 of the Session Laws of 1933, then this court should have so said and held eleven years later (October 7, 1944) in the Gussenhoven case, supra, and fourteen years later (May 16, 1947) in the Nance case, supra.

If the law is as stated in the majority opinion, both cases were wrongfully decided and Gussenhoven and Nance were wrongfully tried, convicted and sentenced in the district court and the fines and jail sentences imposed upon them were null and

void. This court, notwithstanding, on appeal gave its judicial blessing to the wrongful imprisonment of these men.

The majority opinion herein holds that it makes a vast amount of difference as to the standing of the person who sells and supplies intoxicating liquors to minors. If the offender be a licensed dealer or his bartender then the offense is not so great nor the liquor supplied so potent and the offender may be taken before a justice of the peace who alone has jurisdiction of the offense for, according to the majority, it is only when the offender has no license thus falling into the ''bootlegger'' class that the district judge becomes vested with jurisdiction of the offense in the first instance or clothed with any power to act in the premises.

In the case at bar complaint was first made in the justice court and later informations filed in the district court after which said district court dared lay its heavy hand upon the licensed dealer and his bartender. This, the majority holds, the district court had no jurisdiction to do and to right the wrong it now orders the actions dismissed. Thus do appellants go forth unwhipped of justice.

It appears to me that such holding is not only contrary to our statutes but that it is also contrary to good morals. The chief asset of this state is its young people. Such asset must be protected against those who would destroy it. It was to provide such necessary protection that the legislature enacted the statutes which the majority of this court now strikes from the laws of the state by holding that they were *repealed by implication* some fourteen years ago. Until the state legislative assembly sees fit by express declaration to strike these wholesome laws from the Codes, it is the duty of all good citizens of the state as well as the members of this court to uphold them.

The record before us shows that appellants had a fair trial in a proper tribunal wherein by verdicts of a jury they were convicted of the crimes of which they were accused. The judgments of conviction were proper and should be affirmed.

508

Truly, in the language of the majority, does its opinion "usher in what in some quarters was viewed as the 'day of jubilee.'"
But—
"Ill fares the land, to hastening ills a prey,
Where wealth accumulates, and men decay."
Rehearing denied June 10, 1948.