The appellant was charged by information filed by leave of court on January 7, 1948, with the crime of selling intoxicating liquor to a person under the age of 21 years. The crime was alleged to have been committed on January 1, 1948, and to be in violation of section 11048.1, Revised Codes of Montana, 1935, as amended by Chapter 124 of the 1941 Session Laws of the State of Montana. He was tried and convicted in the district court on March 15, 1948, and sentenced by the court to pay a fine of $300 and to be imprisoned in the county jail for a term *Page 248 
of one year, but the jail sentence was suspended pending the good behavior of the convicted appellant.
This was prior to the decision handed down by this court in the case of State v. Holt, Mont., 194 P.2d 651, 660. Following that decision the appeal herein was taken on July 26, 1948.
This case is ruled by the decision and opinion in the Holt[1, 2] case in which it was held that the statute, under which appellant here was prosecuted, was repealed by the enactment of the State Liquor Control Act of Montana, found in sections 2815.60 to 2815.163, inclusive, Revised Codes of Montana 1935. It was also held in the Holt case that since the enactment of the Retail Liquor Dealers' License Act of Montana, which became effective by proclamation of the governor on January 21, 1939, Laws 1939, p. 731, that a "licensee or his or her employee," under the provisions of said Act, who shall sell or deliver intoxicating liquor to any minor under the age of 21 years is guilty of a misdemeanor and punishable by fine not to exceed $500, or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment. Of this crime the district court does not have original but only appellate jurisdiction. Said Retail Liquor Dealers' License Act was enacted by a referendum vote of the people and is now found as Chapter 84 of the Session Laws of 1937.
The state's brief admits, and the record sufficiently[3] discloses, that the Veterans of Foreign Wars Club at Havre, Hill County, Montana, was at the time of the offense charged against appellant, a licensed retail liquor dealer, and that appellant was an employee of said licensee, to-wit, a bartender at said club where the crime is alleged to have been committed, and that the sale was made by him in his capacity as such employee and at the bar room of the club. The young man to whom the liquor was served was a guest of another young man, a member of the club.
These facts bring this case directly within the rule announced in the Holt case and accordingly the judgment is reversed and the cause remanded with instructions to dismiss the action. *Page 249 
Associate Justices Choate and Metcalf concur.